■ In the Matter of EMIL MOSKOWITZ, Respondent-Appellant. CHARLES J. HYNES, Appellant-Respondent.—Judgment, Supreme Court, New York County, entered April 30, 1975, granting petitioner's motion to quash a subpoena duces tecum as to all books, records and documents requested by respondent Attorney-General, except those already submitted by petitioner to the United States Senate Subcommittee on Long Term Care (Special Committee on Aging), unanimously modified, on the law, to the extent of reversing the denial of petitioner's application insofar as all books, records and documents submitted by petitioner to the said subcommittee are concerned and granting the application to quash the subpoena duces tecum in its entirety and directing respondent to return to petitioner those records and documents belonging to petitioner in respondent's possession; as so modified, the judgment is affirmed, without costs and disbursements. This is an application to quash a subpoena duces tecum requiring petitioner, named therein as "Emil Moskowitz, owner Amsterdam Meat Company", to produce "books, records, checks, invoices, tax statements, etc. of the aforesaid entity from and including 1968 to and including 1974". Petitioner premises his application on the assertion that the required production would be violative of his rights under the Fifth Amendment to the Constitution of the United States. The subpoena duces tecum issued by the respondent Attorney-General was served on petitioner on February 27, 1975. Prior thereto, on February 4, 1975, petitioner delivered to the United States Senate Subcommittee on Long Term Care, pursuant to their subpoena, cash disbursement sheets; income and expense books relating to Amsterdam Meat Supply Co. for the years 1970-1973. Immediately after being served with the subject subpoena, petitioner through counsel, notified the Senate Subcommittee on February 28, 1975 that the documents and records produced, were not to be disclosed without permission to any other agency or department. On March 3, 1975, petitioner appeared at respondent's office without the subpoenaed books and records, asserting his Fifth Amendment privilege. On March 10, 1975, petitioner learned that the respondent had taken custody of the books and records previously turned over to the Senate Subcommittee. Petitioner's fruitless request on March 11, 1975, that respondent withdraw his subpoena, resulted in the instant application to quash said subpoena and for the return of the books and records obtained by respondent from the Senate

Subcommittee. Initially, it must be recognized that petitioner has properly invoked his privilege against self incrimination under the Fifth Amendment as to the material sought in respondent's subpoena. "The privilege applies to the business records of a sole proprietor or sole practitioner as well as to personal documents containing more intimate information about the individual's private life" *(Bellis v United States,* 417 US 85, 86–88). Special Term observed that "The petitioner has been granted a permit 'to conduct a retail food non-process est.' by the Health Service Administration, Department of Health, of the City of New York. He is not a meat broker, wholesaler or otherwise. He is a retail butcher operating on a permit to sell meat at retail. His books and records are not subject to inspection by Federal or State agencies. He purchases his meat locally and is in no wise engaged in interstate commerce." On the issue of waiver, the court concludes that petitioner's compliance with the Senate Subcommittee subpoena did not constitute a *complete* waiver of the privilege with respect to those papers and records. In view of petitioner's immediate protest to the Senate Subcommittee concerning the release of that material to any other agency or office, it can fairly and reasonably be said that the privilege was asserted with respect to the respondent herein. This conclusion is buttressed by the well-settled rule "that 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights" *(Johnson v Zerbst,* 304 US 458, 464) and by recognition that "it is well established that a waiver of the privilege in one proceeding does not affect the rights of a witness or the accused in another independent proceeding" *(United States v Miranti,* 253 F2d 135, 139; *People v Cassidy,* 213 NY 388, 394–396). Finally, as to respondent's contention that a hearing is necessary to determine if petitioner is engaging in the butcher business in other than a retail capacity and as a consequence is not entitled to claim the Fifth Amendment privilege, it is noted that on the record herein, respondent merely requests such hearing without any particularized allegations as to what type of information he possesses which would warrant such evidentiary hearing. A conclusory assertion of the need for a hearing, absent any evidentiary demonstration of that need, when viewed in the context of the documentary and other proof advanced by petitioner, mandates the conclusion that Special Term properly determined that no hearing was required. Concur—Stevens, P. J., Markewich, Lupiano, Tilzer and Lynch, JJ.