■ In the Matter of Michael Ryder, Petitioner, v Joseph E. Harris, as Judge of the Albany County Court, Respondent. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506, subd [b], par 1) to annul a summary order and judgment, issued by respondent on December 8, 1982, which held petitioner in contempt of court. Petitioner Michael Ryder was subpoenaed as a witness by the defense in the trial of one James Richardson who was charged with two counts of statutory rape. Since petitioner had previously given the defense a sworn statement to the effect that, on the night before the alleged incident, he had had sexual intercourse with one of the two

complainants, now absent from the jurisdiction, the defense maintained that petitioner's testimony would be relevant to show that seminal fluid found on the complainant's clothing came from petitioner rather than from defendant. When petitioner subsequently appeared at the trial on December 8, 1982, however, he refused to testify concerning his alleged sexual activity based upon his Fifth Amendment privilege against self incrimination, and respondent, the Presiding Judge at the trial, ultimately held him in contempt and sentenced him to four consecutive terms of 30 days in jail when he persisted in his refusal to testify. The instant proceeding ensued wherein petitioner seeks to annul the order and judgment holding him in contempt. We hold that the challenged order and judgment should be annulled. In this case, the likelihood that petitioner might well incriminate himself by testifying as to his sexual activity with one of the complainants is obvious, and a liberal construction should be given to his Fifth Amendment privilege in accordance with the well-settled practice of courts indulging every reasonable presumption against a waiver of one's fundamental constitutional rights (see *Matter of Moskowitz v Hynes,* 48 AD2d 804). Moreover, petitioner clearly did not waive his privilege against self incrimination by his giving the sworn statement to the defense prior to the trial. Such a waiver, even when it does occur, is limited in its effect to the proceeding in which it occurs, and even where a defendant gives testimony at a preliminary and separate proceeding, this conduct does not constitute a waiver of his Fifth Amendment privilege for the main trial (*People v Huntley,* 46 Misc 2d 209, affd 27 AD2d 904, affd 21 NY2d 659; see, also, *Matter of Moskowitz v Hynes,* 48 AD2d 804, *supra*). Here, petitioner merely gave the defense a sworn statement prior to the trial, and he never testified as to his alleged sexual activity at any proceeding. Given these circumstances, he plainly never waived his privilege against self incrimination with regard to the testimony sought from him by the defense at the James Richardson trial, and, consequently, it was serious error for the court to hold him in contempt for asserting his fundamental constitutional right. Petition granted, without costs, and order and judgment holding petitioner in contempt of court annulled. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.