THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANATOLIS FOMINAS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (De Lury, J.), rendered January 20, 1983, convicting him of murder in the second degree and hindering prosecution in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The prosecution called Pasquale Simone to testify regarding certain statements that defendant allegedly made to him regarding the abuse and subsequent death and dismemberment of defendant's wife's three-year-old daughter. Simone testified on both direct and cross-examination that he had been convicted after trial in 1978 of conspiracy to commit murder. At the time of the instant trial, an appeal in connection with Simone's conviction was pending. Simone invoked his privilege against self-incrimination as to two questions asked by defense counsel on cross-examination regarding the facts underlying his conviction.

Defendant contends that the trial court erred when it allowed Simone to invoke his 5th Amendment rights on cross-examination. He maintains that Simone was not justified in invoking the privilege and that his invocation of the privilege prejudiced defendant. We disagree.

The court properly limited defense counsel's cross-examination of Simone regarding the facts underlying his criminal conviction, as to which an appeal was still pending, since his appeal could have resulted in a new trial (*see, Matter of Jaime*

*T.,* 96 Misc 2d 173; *Knight v Maybee,* 44 Misc 2d 152; *Klein v Harris,* 667 F2d 274; *Prentice v Hsu,* 280 F Supp 384). The court properly allowed Simone's testimony to stand because the two questions he refused to answer about his prior conviction related only to the collateral matter of his credibility (*Matter of Ryder v Harris,* 93 AD2d 971; *Klein v Harris, supra*), and did not pertain at all to the facts surrounding the charged crimes. Since the unanswered questions were collateral, allowing Simone to refrain from answering them did not violate defendant's right to confront witnesses (*People v Jones,* 99 AD2d 471; *accord, People v Acomb,* 87 AD2d 1, *lv dismissed* 56 NY2d 1034).

The evidence presented at trial was legally sufficient to prove beyond a reasonable doubt that defendant was guilty, both as a principal and as an accessory, of depraved indifference murder (Penal Law § 125.25 [2]; *People v Brathwaite,* 63 NY2d 839; *People v Register,* 60 NY2d 270, *cert denied* __ US __, 104 S Ct 2159; *People v Poplis,* 30 NY2d 85; *People v Kanelos,* 107 AD2d 764; *People v McNeeley,* 77 AD2d 205; *People v Lilly,* 71 AD2d 393).

We have reviewed the other issues raised by defendant and find them to be without merit. Mollen, P. J., Rubin, Lawrence and Kunzeman, JJ., concur.