■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIMON J. KUSS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of possession of gambling records that were found under the front seat of his car when he was stopped by police officers who possessed a search warrant. Defendant claims that his conviction was not the result of evidence presented against him at trial but rather was the result of the prosecutor's intimidation of his defense witness by serving a Grand Jury subpoena upon him in the middle of his cross-examination, as well as the prosecutor's improper cross-examination of that witness, his disregard for the court's rulings and his unfair summation wherein he denigrated the defense witness' testimony and vouched for the credibility of the People's witnesses.

We find no "substantial interference by the State with a defense witness' free and unhampered choice to testify" (People v Shapiro, 50 NY2d 747, 761) which violated due process. While the District Attorney would have been better advised to have awaited completion of the defense witness' testimony before serving the Grand Jury subpoena, there is no evidence that the witness was intimidated by the said service.

Although there were several instances of prosecutorial misconduct during cross-examination of the defense witness and during summation, either no objection was made or the objection was sustained, and the conduct was not so egregious as to deprive defendant of his right to a fair trial (People v Grice, 100 AD2d 419; People v Mott, 94 AD2d 415). The proof of defendant's guilt was overwhelming and, in our view, the misconduct of the prosecutor did not "obfuscate the development of factual issues and sidetrack the jury from its basic mission of determining the facts relevant to guilt or innocence" (People v Alicea, 37 NY2d 601, 605). (Appeal from judgment of Onondaga County Court, Parker, J.—possession of gambling records, first degree.) Present—Callahan, J. P., Doerr, Denman, Balio and Schnepp, JJ.