■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTTO BOOKER, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered July 9, 1985, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the trial court did not abuse its discretion in precluding the defendant from questioning a defense witness on redirect examination concerning her arrest during a recess in the trial. The defendant contends that such questioning might have revealed that the witness was intimidated into repudiating a prior written statement. However, the witness had already repudiated the statement in question on cross-examination prior to her arrest. In addition, defense counsel had stated in colloquy prior to the witness's direct testimony that the witness's statement was concededly untrue and was not part of the defense. Under these circumstances, testimony about the arrest would not have explained or clarified matters put in issue by cross-examination, but would have confused and misled the jury (see, People v Melendez, 55 NY2d 445, 451-452; People v Kuss, 122 AD2d 599).

During cross-examination of the defendant, the prosecutor

sought to inquire into certain prior convictions which had not been the subject of the defendant's original *Sandoval* application. Contrary to the defendant's assertion, the People were not obligated to disclose the intention to use those convictions at the time of the *Sandoval* hearing *(see, People v Matthews,* 68 NY2d 118, 121-123; *People v Griffin,* 131 AD2d 779, *lv denied* 70 NY2d 955). We find that the trial court properly exercised its discretion in precluding inquiry into one offense as too remote but permitting inquiry into the defendant's theft convictions, which have "a very material relevance, whenever committed" *(People v Sandoval,* 34 NY2d 371, 377; *People v Ortero,* 75 AD2d 168, 174-177).

We find that the defendant failed to preserve his claims of error with respect to certain remarks made by the prosecutor in his summation. The defendant failed to object to most of the remarks and did not express dissatisfaction with the court's curative instructions when objections were made and sustained *(see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951). In any event, even if some of the remarks were improper, they did not deprive the defendant of a fair trial in light of the overwhelming evidence of his guilt *(see, People v Crimmins,* 36 NY2d 230). Mangano, J. P., Bracken, Kunzeman and Balletta, JJ., concur.