■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN MORALES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 19, 1988, convicting him of attempted robbery in the first degree and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not deprived of the right to be present at a material stage of his trial. The record reveals that after delivering its charge to the jury, the Trial Judge asked in open court whether there were any exceptions to the charge. The prosecutor replied in the affirmative. Thereafter, the Trial Judge, together with both counsel, briefly stepped out of the courtroom into a hallway, where the prosecutor's exceptions were noted for the record. Defense counsel indicated that he had no exceptions.

On appeal, the defendant contends, *inter alia,* that by virtue of the foregoing, he was deprived of his right to be present at a material stage of his trial. We find otherwise. Although the defendant has a fundamental right to be present at all material stages of his trial where his presence bears a substantial relationship to his ability to defend *(see, People v Cain,* 76 NY2d 119; *People v Mehmedi,* 69 NY2d 759, 761; *People v Ciaccio,* 47 NY2d 431; *People v Mullen,* 44 NY2d 1; *People v Mercado,* 154 AD2d 556, 557; CPL 310.30), we find no violation of that precept here. Significantly, it has been observed that, "whether the mandate requiring the presence of a defendant at the trial of his indictment stems from due process or

statute, literal application of its directive is not demanded" *(People v Mullen, supra,* at 5). Rather, "[c]ommon sense dictates that substantial performance of its terms is sufficient" *(People v Mullen, supra,* at 5; *see also, People v Sterling,* 141 AD2d 680, 681; *People v Morman,* 137 AD2d 838).

The record at bar discloses that the brief colloquy which took place was merely intended to serve the function of permitting counsel to note exceptions for the record, and as such, did not implicate the defendant's right to be present during all material stages of the trial. In light of the foregoing, and tempered by the Court of Appeals' statement that a literal application of the principle "is not demanded" *(People v Mullen, supra,* at 5), we conclude that the subject matter of the colloquy did not involve a material stage of the defendant's trial or impair his ability to defend against the charges against him *(see, People v Mullen, supra; cf., People v Cain, supra).*

The defendant's claim that he was denied the right to appear before the Grand Jury is without merit, since he did not serve written notice of his intent to testify upon the District Attorney *(see, People v Harris,* 150 AD2d 723; CPL 190.50 [5] [a]; *see also, People v Jordan,* 153 AD2d 263). Similarly, the defendant's motion to dismiss the indictment upon the ground that he was denied the right to testify before the Grand Jury was properly denied inasmuch as he not only failed to request that right, but also delayed in making his written motion to dismiss until several months after his arraignment (CPL 190.50 [5] [c]; 210.45 [1]).

We have reviewed the defendant's remaining contentions and find them to be without merit. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.