■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RIGINIO, Appellant.—Appeal by the defendant from a

judgment of the County Court, Nassau County (Boklan, J.), rendered May 4, 1989, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions on appeal, we find that, under the circumstances herein, it was not incumbent upon the court to conduct further inquiries into the defendant's competence to plead guilty. The defendant had been found competent to stand trial. Moreover, prior to commencing plea negotiations, the defense counsel had a psychiatric examination of the defendant conducted and, based on this examination, had decided not to interpose the defense of lack of criminal responsibility. Also, the defendant's determination to plead guilty to manslaughter was made only after consultation with his attorney. Upon this state of facts and our review of the plea proceedings, we are satisfied that the defendant's plea was knowing and voluntary, that the allocution was factually sufficient *(see, People v Lopez,* 71 NY2d 662, 666), and that there was no need for the court to make any further inquiries into the defendant's mental competence *(cf., Matusiak v Kelly,* 786 F2d 536, *cert dismissed* 479 US 805). Accordingly, there is no basis for reversing the defendant's conviction and vacating his plea. Thompson, J. P., Brown, Balletta, Miller and O'Brien, JJ., concur.