■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JOHNSTON, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered August 2, 1990, convicting him of attempted burglary in the second degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of the opportunity to exercise his statutory right to testify before the Grand Jury because the court failed to assign counsel to represent him at his arraignment on the felony complaint. Contrary to the People's contention, appellate review of the defendant's claim is not precluded by his plea of guilty (see, People v Stevens, 151 AD2d 704; People v Ferrara, 99 AD2d 257; People v Lincoln, 80 AD2d 877).

However, CPL 190.50 (5) (c) requires that a motion based upon a claimed deprivation of a defendant's right to testify before the Grand Jury "be made not more than five days after

the defendant has been arraigned upon the indictment", and further provides that "[i]f the contention is not so asserted in timely fashion, it is waived and the indictment * * * may not thereafter be challenged on such ground" (CPL 190.50 [5] [c]). At bar, it is undisputed that although the defendant was represented by counsel by the time of his arraignment on the indictment, he nevertheless failed to raise a timely objection to the indictment based on the alleged deprivation of his right to testify before the Grand Jury. Moreover, the defendant failed to request an appearance before the Grand Jury in the manner required by statute *(see,* CPL 190.50 [5] [a]), and the record is devoid of any indication that he in fact desired to testify before the Grand Jury, and that the failure to appoint counsel at his arraignment on the felony complaint frustrated his right to do so. Under these circumstances, we find that the County Court properly denied the defendant's motion to dismiss the indictment *(see, People v Morales,* 163 AD2d 332; *People v Jackson,* 119 AD2d 587; *People v Reddy,* 108 AD2d 945; *cf., People v Stevens, supra; People v Lincoln, supra).* Kunzeman, J. P., Sullivan, Eiber and Ritter, JJ., concur.