■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PETER PULUSO, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Douglass, J.), dated September 4, 1990, which granted the defendant's motion to dismiss the indictment against him, with leave to re-present the charges to another Grand Jury.

Ordered that the order is reversed, on the law, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.

The Supreme Court granted the defendant's motion to dismiss the indictment, finding that he had been denied the right to testify before the Grand Jury. However, the defendant had delayed in making the motion to dismiss until several weeks after his arraignment, in violation of the mandate of CPL 190.50 (5) (c) that such a motion "be made not more than five days after the defendant has been arraigned upon the indictment * * * If the contention is not so asserted in timely fashion, it is waived and the indictment * * * may not thereafter be challenged on such ground". Under the circumstances of this case, the defendant's motion to dismiss the indictment should have been denied as untimely *(see, People v Davis,* 167 AD2d 553; *People v Morales,* 163 AD2d 332, 333; *People v MacCall,* 122 AD2d 79). We note that the defendant was represented by counsel during the period following his arraignment.

Moreover, we note that a letter sent by the defense counsel to the Grand Jury Bureau Chief was insufficient to "designate" persons he wished to be called as Grand Jury witnesses, since the letter did not identify any particular individuals *(see,* CPL 190.50 [6]). Bracken, J. P., Sullivan, Lawrence and Ritter, JJ., concur.