■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MODESTO SANCHEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered April 26, 1991, convicting him of criminal sale of a controlled substance in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that he was or may have been incapacitated at the time he entered his plea of guilty (CPL 730.10 [1]). His asserted lack of familiarity with the English language is irrelevant to the issue of capacity, and is not borne out by the record in any event. Although there was some slight proof of borderline retardation, we find that it did not interfere with either his ability to understand the proceedings or to assist in his own defense. Further, the defendant's responses and behavior during the plea allocution, as well as a presentence report prepared by a court-appointed psychiatrist pursuant to CPL 390.30, indicate that he pleaded

guilty voluntarily and with a knowledge of his legal predicament *(see, People v Carbone,* 159 AD2d 511; *People v McGarrity,* 130 AD2d 793; *People v Bronson,* 115 AD2d 484). In view of his exposure to a much greater prison term had he proceeded to trial and been convicted of the 22 counts pending against him, the decision to accept the offer cannot be judged irrational *(see, People v Stubbs,* 110 AD2d 725). Inasmuch as mental incapacity is the sole reason advanced here as the basis for vacating the judgment, that judgment should be affirmed.

We note that we have undertaken this review notwithstanding the defendant's failure to raise his alleged CPL article 730 ground before the trial court inasmuch as the issue of capacity to stand trial may be raised for the first time on appeal *(see, People v Frazier,* 114 AD2d 1038, 1039; *People v Sinatra,* 89 AD2d 913). Sullivan, J. P., Balletta, O'Brien and Copertino, JJ., concur.