■ The People of the State of New York, Respondent, v William James, Appellant. [596 NYS2d 100] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered June 7, 1990, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence of an indeterminate term of 20 years to life imprisonment for murder in the second degree, to run concurrently to a definite term of one year for criminal possession of a weapon in the fourth degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice by reducing the sentence for murder in the second degree to 15 years to life imprisonment; as so modified, the judgment is affirmed.

We agree with the defendant that under the circumstances of this case, his plea of guilty does not preclude our review of his claim that he was denied his right to testify before the Grand Jury, because that claim is based upon an assertion that he was deprived of the effective assistance of counsel (see, People v Johnston, 178 AD2d 550; People v Stevens, 151 AD2d 704). However, we conclude that Supreme Court properly denied his motion to dismiss the indictment. Even assuming that he was ineffectively represented at the time of his arraignment on the indictment on January 30, 1989, the defendant did not move to dismiss until April 11, 1990. In April 1990, he was represented by another attorney who had served as trial counsel since at least October 1989, and trial counsel's competence is not questioned. The motion to dismiss the indictment was untimely and was properly denied by the Supreme Court (see, CPL 190.50 [5] [c]; People v Johnston, supra; People v Morales, 163 AD2d 332).

The defendant's motion to withdraw his plea of guilty was also properly denied. Although we again disagree with the People that appellate review has been forfeited (see, People v Lopez, 71 NY2d 662, 666) we conclude that the claims advanced by the defendant are without merit. All stem from a psychiatric report prepared for the court's review prior to sentencing. The defendant claims that this report casts doubt upon his mental state at the time of the plea because it revealed a psychiatric history and his use of medication. However, the examining doctor pronounced him fit for sentencing and a review of the plea minutes reveals that the defendant understood the proceedings and was entirely coherent (see, People v Sanchez, 186 AD2d 599; People v Riginio, 168

AD2d 693). The defendant's statements to the examining doctor regarding the violent past of the victim, who was his brother, and his resultant fears for his own family, did not present the court with a potentially viable justification defense, inasmuch as the victim was unarmed and the defendant was carrying a loaded rifle (see, Penal Law § 35.15 [2]).

The defendant also told the doctor that he did not intend to kill his brother when he fired at close range. Further, at the plea proceeding, the defendant initially denied that he intended to kill the victim, and the court indicated it would not accept the plea. However, thereafter, the defendant consulted with his attorney and then admitted his intent to kill. His post-plea statements of innocence and later assertions of factors mitigating guilt do not warrant vacating his plea (see, People v Dixon, 29 NY2d 55; People v Figueroa, 146 AD2d 798).

The sentence was excessive to the extent indicated.

We have considered the defendant's remaining contentions and find them to be without merit. Miller, J. P., Ritter, Copertino and Pizzuto, JJ., concur.