■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUES WEBB, Appellant. [601 NYS2d 127] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered June 3, 1988, convicting him of murder in the second degree, robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in denying the defendant's motion to dismiss the indictment based on his failure to testify before the Grand Jury. CPL 190.50 (5) (c) provides that a motion to dismiss an indictment because a defendant was not allowed to testify before the Grand Jury must be made not more than five days after the defendant has been arraigned on the indictment. The issue is waived if the defendant fails to

timely move. In this case, it is undisputed that the defendant filed his motion to dismiss six days after his arraignment on the indictment. Therefore, the defendant waived any claim arising under CPL 190.50 *(see, People v Puluso,* 182 AD2d 783; *People v Johnston,* 178 AD2d 550; *People v Morales,* 163 AD2d 332; *People v Rafajlovski,* 152 AD2d 608; *People v Hunter,* 131 AD2d 877).

The defendant was not deprived of a fair trial by the circumstances surrounding a witness's decision not to testify on his behalf. Although a defendant has the right to present witnesses in his defense *(see, Washington v Texas,* 388 US 14), and government conduct which substantially interferes with the free and unhampered decision of a potential defense witness to testify violates due process *(see, People v Shapiro,* 50 NY2d 747), not every contact between a government agent and a potential defense witness constitutes a "substantial interference" with the choice to testify *(cf., People v Booker,* 145 AD2d 564; *People v Kuss,* 122 AD2d 599; *People v McRoy,* 121 AD2d 566). Due process is violated only when warnings by a government agent to a potential defense witness are "emphasized to the point where they are transformed instead into instruments of intimidation" *(People v Shapiro, supra,* 50 NY2d, at 762). In this case, the prosecutor's actions in arresting the witness at the courthouse did not represent an attempt to intimidate him into refusing to testify for the defendant. It is undisputed that the witness was the fourth man involved in the crime. When defense counsel announced that he wished to call him as a witness, he was told that he would be arrested as an accomplice if he returned to New York whether or not he testified on the defendant's behalf. Moreover, the arrest took place after the witness had announced that he would not testify for the defendant. There is no reason to believe that the witness did not testify because he was intimidated. Rather, his refusal to testify was perfectly reasonable, since he was facing criminal prosecution for his participation in the same incident about which he would have been testifying. Further, because any testimony which the witness might have given concerning the incident clearly could have tended to incriminate him, there was no need for the court to bring him into the courtroom to formally assert his Fifth Amendment privilege *(see, People v Bagby,* 65 NY2d 410; *People v Thomas,* 51 NY2d 466; *People v Arroyo,* 46 NY2d 928; *Matter of Ryder v Harris,* 93 AD2d 971; *State of New York v Carey Resources,* 97 AD2d 508; *State of New York v Skibinski,* 87 AD2d 974).

The defendant was not denied the effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137). It is well settled that trial strategy should not be second-guessed on appeal *(see, People v Lane,* 60 NY2d 748). Moreover, the defendant has failed to establish that his attorney's performance was so unreasonable as to fall out of the scope of professional competence *(see, People v Lovacco,* 147 AD2d 592).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Mangano, P. J., Thompson, Pizzuto and Joy, JJ., concur.