■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT T. JONES, Appellant. [649 NYS2d 578] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a guilty plea of burglary in

the first degree and assault in the second degree. We reject his contentions that he pleaded guilty because he was denied the opportunity to present a psychiatric defense and that his plea was otherwise involuntarily made because he was taking psychotropic medications at the time of the plea proceeding. Defendant was aware that, despite extensive efforts, his attorneys had been unable to obtain an expert who would testify in support of his defense. Defendant acknowledged that he was guilty and that he understood the implications of his plea. The fact that he could not present a viable defense did not render the plea involuntary (*see, People v Cline*, 192 AD2d 957, *lv denied* 81 NY2d 1071; *People v Rogers*, 163 AD2d 337, *lv denied* 76 NY2d 943). There is no evidence that defendant was taking psychotropic drugs at the time of the plea proceeding, and the minutes of that proceeding indicate that defendant understood the proceeding and was coherent (*see, People v James*, 192 AD2d 555, *lv denied* 82 NY2d 755).

Defendant also contends that Supreme Court should have granted his motion to dismiss the indictment because no attorney had been assigned to represent him when he was notified of the pending Grand Jury proceedings, and thus, he was denied the right to testify before the Grand Jury. We disagree. The motion, made more than 11 months after arraignment, was untimely (*see*, CPL 190.50 [5] [c]; *People v James, supra*). Moreover, the attorney representing him in a related parole revocation proceeding and who later was assigned to represent him in the instant matter discussed with defendant whether he should appear before the Grand Jury.

We conclude that defendant was not denied effective assistance of counsel. The court determined that defendant had not been denied his constitutional right to a speedy trial *before* defense counsel made statements on the record that were adverse to defendant's *pro se* motion. Thus, counsel's statements had no effect upon the court's decision and did not deprive defendant of effective assistance (*see, People v Rodriguez*, 189 AD2d 684, 685, *lv denied* 81 NY2d 892). Further, under the circumstances of this case, counsel's failure to argue in support of the *pro se* motions to withdraw the plea did not deprive defendant of effective assistance of counsel (*see, People v Hayes*, 194 AD2d 998; *People v Pernell*, 189 AD2d 833). The contention that the efforts of counsel to obtain expert testimony concerning the psychiatric defense were deficient is not supported by the record. Instead, the record establishes that defendant received meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147).

Defendant's remaining contentions are without merit. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Burglary, 1st Degree.) Present—Pine, J. P., Fallon, Callahan, Balio and Davis, JJ.