■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE TOWER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of criminal sale of a

controlled substance in the third and fifth degrees. On appeal, his principal claim is that the court erred in its charge on the agency defense by (1) instructing on the defense in conjunction with instructions on the elements of a criminal sale, and (2) limiting the description of buyers to two of the three persons involved.

The critical fact issue for the jury was whether defendant was a seller or an agent of a buyer. By charging the elements of sale and agency at the same time, the court's instructions properly focused attention on the specific factual issues raised by the evidence and the principles of law applicable thereto *(People v Newman,* 46 NY2d 126, 130). The sale-agency issue was presented to the jury in a clear and understandable matter.

Defendant produced cocaine and LSD for sale to two informants at the request of defendant's next-door neighbor, who had told the defendant that some friends from Buffalo were coming to visit her. On both occasions, the transactions took place at the neighbor's apartment, but the drugs were delivered directly to, and paid for by, the two visitors. Although the court charged the jury that the two visitors were buyers, it did not unduly restrict the jury's consideration to those persons. During the charge on the agency defense, the court on three occasions discussed the accommodation of a friend as a basis for a finding of agency. The next-door neighbor was clearly that "friend."

Evidence disproving agency was not insufficient as a matter of law *(People v Lam Lek Chong,* 45 NY2d 64, *cert denied* 439 US 935; *People v Viera,* 116 AD2d 609, *lv denied* 67 NY2d 891). Moreover, since defendant raised the agency defense during cross-examination of the neighbor, evidence of prior drug dealings between defendant and the neighbor was properly elicited on redirect examination *(People v Heffron,* 59 AD2d 263, 268).

We have considered defendant's remaining contentions and find them to lack merit. (Appeal from judgment of Genesee County Court, Morton, J.—criminal sale of controlled substance, third degree, and another offense.) Present—Doerr, J. P., Boomer, Balio, Lawton and Schnepp, JJ.