■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DEL CARPIO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered September 11, 1987, convicting him of grand larceny in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Long after motions were supposed to be completed, in an 11-page *pro se* application labeled "motion to re-argue dismissal of indictment pursuant to section 210.30 (3) of the C.P.L. and

section 2212 (b) of the C.P.L.R.", the defendant, who was represented by an attorney, advanced for the first time among several other assertions, a claim based upon "belief observation and information" that the complaining witness was incompetent because he was "a victim of Alzheimer's disease". It was alleged that since the Grand Jury was not instructed with respect to the incompetency of the witness (see, CPL 190.30 [6], [7]), the indictment had to be dismissed because the evidence was insufficient pursuant to CPL 190.65 (1). This so-called "motion to re-argue" was made more than one year after arraignment.

Justice Calabretta, before whom the motion was made, treated it as it was labeled, namely, as a motion to reargue. He pointed out that the defendant was already represented by an attorney and that the *pro se* motion was improper. After directing the defendant to make future arguments through counsel he stated as follows: "The application to reargue is therefore granted only to the extent that * * * the court adheres to its earlier decisions of October 1 and August 26, 1986".

The defendant on this appeal now claims that the Supreme Court should have dismissed the indictment because the prosecutor did not deny the allegation that an incompetent witness was presented to the Grand Jury.

The defendant's contention must be rejected. It is well settled that the issue of the sufficiency of the evidence before the Grand Jury is waived by a plea of guilty (see, *People v Thomas,* 74 AD2d 317, 321, *affd* 53 NY2d 338).

Further, to the extent that the defendant now seeks to claim that the integrity of the Grand Jury proceeding was somehow impaired by the actions of the prosecutor, that contention must also be rejected because it was not raised in the Supreme Court pursuant to the provisions of CPL 210.45, 210.20 (1) (c); (2); 210.35 (5) and 255.20 (1) and (3). It was therefore not preserved for appellate review (see, CPL 470.05; see also, *People v Udzinski,* 146 AD2d 245). Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.