■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIAS GONZALEZ, Appellant.—Judgment unanimously affirmed. Memorandum: We find no merit to defendant's claim that the photographic array shown to a witness was unduly

suggestive. Although defendant claims that he was the only Hispanic in the photo array, we note that it depicts six males all about the same age with similar facial features and was not so suggestive that the witness's attention was drawn to only one subject *(see, People v Davis,* 148 AD2d 952, *lv denied* 74 NY2d 663; *People v Dubois,* 140 AD2d 619, 622, *lv denied* 72 NY2d 911). Defendant's claim that the photo array was unduly suggestive is further belied by the fact that the victim of the crime was unable to identify defendant after viewing the same photo array within days after the crime. Moreover, the record does not support defendant's further claim that the identification procedure was unduly suggestive.

By pleading guilty, defendant has waived appellate review of his argument that the court erred in denying his motion to dismiss the indictment based upon defective Grand Jury proceedings *(see,* CPL 210.35; *People v Del Carpio,* 166 AD2d 605, 606, *lv denied* 76 NY2d 1020; *People v Thomas,* 74 AD2d 317, 321, *affd* 53 NY2d 338). In our view, this case does not fall within the exceptions enunciated in *People v Pelchat* (62 NY2d 97, 106) and *People v Alexander* (136 AD2d 332, 335-337). Furthermore, County Court properly denied defendant's motion to dismiss, made on the eve of trial, as untimely *(see,* CPL 255.10 [1] [a]; 255.20 [1], [3]; *People v Key,* 45 NY2d 111, 116; *People v Piasta,* 136 AD2d 887, *lv denied* 71 NY2d 1031).

We have reviewed defendant's additional claims of error in his *pro se* brief and find them to be without merit. (Appeal from Judgment of Genesee County Court, Morton, J.—Sexual Abuse, 1st Degree.) Present—Callahan, A. P. J., Denman, Green, Pine and Davis, JJ.