■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SCOTT, JR., Appellant.—Judgment unanimously af-

firmed. Memorandum: On appeal from a judgment convicting him of criminal sale and criminal possession of a controlled substance in the third degree, defendant argues that the court's charge on the agency defense was inadequate because the court denied his request to amplify the charge to tailor it to the facts of the case. We find that the court adequately instructed the jury to determine whether defendant was a seller or merely a purchaser acting on behalf of a friend or acquaintance (see, People v Lam Lek Chong, 45 NY2d 64, 74-75, cert denied 439 US 935; People v Tower, 122 AD2d 617, 618, lv denied 68 NY2d 1004). We do not find that defendant was denied due process by the prosecutor's remarks on summation (see, People v Rubin, 101 AD2d 71, 77). Defense counsel registered an objection to only one instance of alleged misconduct complained of on appeal, i.e., that the jury should not "be swayed by this incredible ludicrous story cooked up here in this courtroom." That isolated remark did not amount to a "flagrant and pervasive pattern" of misconduct (People v Demming, 116 AD2d 886, 887, lv denied 67 NY2d 941; People v Mott, 94 AD2d 415, 418-419). The comments to which no objections were made do not require reversal in the interest of justice (see, People v Broadus, 129 AD2d 997, lv denied 70 NY2d 643).

We have examined defendant's remaining arguments on appeal and find them to be without merit. (Appeal from Judgment of Erie County Court, D'Amico, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Callahan, J. P., Green, Pine, Lawton and Davis, JJ.