■ The People of the State of New York, Respondent, v Anthony Chiarenza, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant, by entering an *Alford* plea to a reduced charge, forfeited his right to appellate review of his argument that the court erred in denying his motion to dismiss the indictment upon the ground that it was jurisdictionally defective because it was based on legally insufficient evidence pursuant to CPL 210.20 (1) (b) and 210.30 *(see, People v Pelchat,* 62 NY2d 97; *People v Del Carpio,* 166 AD2d 605, 606, *lv denied* 76 NY2d 1020; *see also, People v Kazmarick,* 52 NY2d 322, 326; *People v Clairborne,* 29 NY2d 950, 951; *People v Pullano,* 185 AD2d 628 [decided herewith]; *People v Gonzalez,* 177 AD2d 961). None of the exceptions enunciated in *People v Pelchat (supra,* at 106) is applicable to this case. In any event, "[s]ince the Grand Jury performs the limited function of determining whether the People have in their possession sufficient evidence to present a prima facie case, the submission of some inadmissible evidence during the course of this proceeding is held to be fatal only when the remaining legal evidence is insufficient to sustain the indictment" *(People v Avant,* 33 NY2d 265, 271). The court correctly denied defendant's motion because the remaining evidence before the Grand Jury, viewed in the light most favorable to the People, if unexplained and uncontradicted, was legally sufficient to warrant a conviction by a petit jury *(see, People v Jennings,* 69 NY2d 103, 114; *People v Pelchat, supra,* at 105). (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Callahan, J. P., Green, Lawton, Boehm and Davis, JJ.