■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS WAYNE BOGUE, Appellant. [651 NYS2d 769] —Judgment

unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of rape in the first degree and sodomy in the first degree following a jury trial. Defendant argues that the evidence before the Grand Jury was insufficient because the victim's unsworn testimony concerning the incident was uncorroborated. Although an examining physician mistakenly testified that she had examined the victim a year before the actual examination, the victim's brother testified before the Grand Jury concerning the actual date of the incident. "The court correctly denied defendant's motion because the remaining evidence before the Grand Jury, viewed in the light most favorable to the People, if unexplained and uncontradicted, was legally sufficient to warrant a conviction by a petit jury" (*People v Chiarenza*, 185 AD2d 679, *lv denied* 80 NY2d 973, 81 NY2d 786).

We reject defendant's further argument that reversal is required based upon prosecutorial misconduct on summation. The single instance of alleged prosecutorial misconduct, i.e., the statement by the prosecutor of his reasons for not calling the victim's brother as a witness, does not reflect a flagrant and pervasive pattern of misconduct (*see, People v Scott*, 181 AD2d 995, *lv denied* 80 NY2d 837) and constitutes harmless error (*see, People v Galloway*, 54 NY2d 396, 401). In view of the nature of the offenses, defendant's lack of remorse, and the fact that the sentences are concurrent, we conclude that the sentences are neither unduly harsh nor severe. (Appeal from Judgment of Genesee County Court, Morton, J.—Rape, 1st Degree.) Present—Denman, P. J., Fallon, Wesley, Balio and Davis, JJ.