■ The People of the State of New York, Respondent, v John Santiago, Appellant.—Judgment, Supreme Court, New York County (Shirley R. Levittan, J.), rendered February 27, 1985, convicting defendant after a jury trial of robbery in the first degree and sentencing him to an indeterminate term of imprisonment of from 8 to 16 years, unanimously modified, on the law, to reverse and vacate the sentence and to remand the matter for resentencing. As so modified, the judgment is otherwise affirmed.

Commendably, the People concede that defendant was improperly adjudicated a second felony offender inasmuch as his 1982 New Jersey conviction of possession of a controlled dangerous substance under New Jersey Statutes Annotated § 24:21-20 (a) (1) does not qualify as a predicate felony in New York. Even though defendant failed to challenge the New Jersey conviction at the time of sentence, he is not precluded from raising the issue on appeal. *(People v Tilman,* 114 AD2d 799; *People v Love,* 111 AD2d 134.) Thus, we modify to vacate the sentence and predicate felony adjudication.

While defendant was promised by Trial Term that he would receive a sentence of 5⅓ to 16 years if he were found not to be a second felony offender, a term to which we could reduce his present sentence, we remand for resentencing since the presentence report reveals that defendant has been convicted of numerous other felonies in Pennsylvania and New Jersey. The People should be afforded the opportunity to offer one of these other convictions as the requisite predicate felony for second felony treatment. *(See, People v Sailor,* 65 NY2d 224.) Concur—Kupferman, J. P., Sullivan, Carro, Asch and Wallach, JJ.