■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD KOLOMICK and MICHAEL KOLOMICK, Appellants.—Appeals by (1) the defendant Richard Kolomick from a judgment of the Supreme Court, Queens County (Naro, J.), rendered February 15, 1985, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), and burglary in the first degree (two counts), upon a jury verdict, and imposing sentence; and (2) the defendant Michael Kolomick from a judgment of the Supreme Court, Queens County (Naro, J.), rendered March 8, 1985, convicting him of murder in the second degree and burglary in the first degree, upon a jury verdict, and imposing sentence. Both appeals bring up for review the denial (Linakis, J.), after a hearing, of those branches of the defendants' omnibus motions which were to suppress their statements to the police and identification testimony.

Ordered that the judgment as to Richard Kolomick, rendered February 15, 1985, is affirmed; and it is further,

Ordered that the judgment as to Michael Kolomick, rendered March 8, 1985, is modified, on the law, by reversing the conviction of murder in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment as to him; as so modified, the judgment rendered March 8, 1985 is affirmed.

The evidence presented at the suppression hearing established that the defendants, who are brothers, voluntarily accompanied the police officers to the precinct for questioning about a burglary and assault which occurred at the house of their mother's neighbor. After waiving his rights pursuant to *Miranda v Arizona* (384 US 436), the defendant Richard Kolomick confessed to burglarizing the house and fatally wounding the victim, who was at home at the time. The defendant Michael Kolomick, who was questioned separately,

admitted that he had acted as a lookout while Richard entered the house. We agree with the conclusions of the hearing court that the defendants were not in custody when they confessed and that their confessions furnished the requisite probable cause for the arrest of both of them. Therefore, the suppression of the confessions on the ground that they resulted from an unlawful arrest of the defendants was properly denied *(see, People v Hodge,* 44 NY2d 553). Further, the suppression of the in-court identification of Richard by a woman who bought from him some pieces of the decedent's jewelry was properly denied. Despite the fact that this witness was shown a single photograph of Richard on two separate occasions, the court properly determined that she had an independent basis for her identification since she had seen Richard numerous times in her neighborhood *(see, People v Brown,* 34 NY2d 879).

Both defendants were found guilty of acting in concert in causing the death of the victim in the course of burglarizing her house. However, Michael, who acted as the lookout, contends that the evidence of his participation in the crime, which consisted entirely of his own statements, established the statutory affirmative defense to felony murder by a preponderance of the evidence as a matter of law *(see,* Penal Law § 125.25 [3]). Specifically, Michael told the police that he had discussed with his brother burglarizing the neighbor's house. On the morning of March 26, 1984, Richard arrived at his mother's house, where Michael lived, and told Michael that he wanted to burglarize the neighboring house. Michael told Richard that nobody should be home. Michael then watched his brother break the basement window on the house and enter it. Richard returned 15 to 20 minutes later with some jewelry and the brothers then went to Far Rockaway where they disposed of the stolen property.

In order to establish the affirmative defense to felony murder, the evidence must show that Michael did not commit or in any way solicit, request, command, importune, cause or aid in the commission of the murder, he was not armed and he had no reasonable ground to believe either that his brother was armed or that he "intended to engage in conduct likely to result in death or serious physical injury" (Penal Law § 125.25 [3] [d]). We find that Michael's statements established all of the required elements of the defense, and therefore, his conviction for felony murder cannot be sustained. We reject as pure speculation the People's contention that the jury could infer from the evidence that Michael knew someone might be

in the neighbor's house and, further, that they could infer that Michael knew his brother intended to engage in conduct likely to result in death or serious physical injury if he encountered anyone in the house. There is simply no evidence from which such inferences could be reasonably drawn by the jury *(cf., People v McLeod,* 109 AD2d 70).

We have examined the defendants' remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.