■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SIMMONS, Appellant.—Appeal by the defendant, by permission, from an order of the County Court, Nassau County (Harrington, J.), entered November 29, 1984, which denied his motion pursuant to CPL 440.20 to vacate a sentence imposed February 1, 1980, following his adjudication as a second felony offender.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SIMMONS, Appellant.—Motion for reargument of an appeal from a judgment of the County Court, Nassau County

(Harrington, J.), rendered February 1, 1980, which was decided by decision and order of this court, both dated April 4, 1983 (see, People v Simmons, 93 AD2d 1005).

Ordered that the motion is granted, and, upon reargument, the decision and order of this court, both dated April 4, 1983, are recalled and vacated, and the following decision and order are substituted therefor:

Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered February 1, 1980, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence as a second felony offender.

Ordered that Justices Mangano and Brown are substituted for former Justices Gulotta and O'Connor (see, 22 NYCRR 670.2 [c]); and it is further,

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the sentence imposed and the defendant's adjudication as a second felony offender; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for resentencing consistent herewith.

The defendant was adjudicated a second felony offender based upon his prior Alabama conviction for "buying, receiving, and concealing, stolen property" (see, Alabama Laws former tit 14, § 338). The statute under which the defendant was convicted did not specify a monetary value for the stolen property. At the time of the defendant's prior conviction on February 13, 1968, the felony of criminal possession of stolen property in the second degree required proof that the value of the stolen property exceeded $250 (see, Penal Law former § 165.45 [1]). Inasmuch as the element of value was not an element of the Alabama statute, the prior crime was not necessarily punishable as a felony in New York (see, People v White, 96 AD2d 541; People v Cappucci, 94 AD2d 746). The People so concede. The defendant's sentence as a second felony offender cannot stand, notwithstanding the fact that the issue was not raised prior to the time of sentencing (see, People v Grate, 122 AD2d 853, 855, lv denied 68 NY2d 1000; People v Giraldo, 106 AD2d 401, 402).

While it is clear from the record that the sentencing court intended to impose the maximum sentence permissible under the plea bargain agreement, and we could reduce the present minimum sentence to one third of the maximum sentence, we remit to the County Court, Nassau County, for resentencing,

because the record reveals that the defendant may have another prior felony conviction. Relying on the defendant's admission to the second felony offender statement at issue here, the People withdrew another statement which listed a different felony conviction. Accordingly, the People should be afforded the opportunity to offer the other felony conviction as the requisite predicate felony for second felony offender treatment *(see, People v Santiago,* 129 AD2d 411). Mollen, P. J., Mangano, Brown and Rubin, JJ., concur.