■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN KAUFMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered May 24, 1988, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Under the facts of this case, we conclude that evidence that the defendant had previously assaulted his sister-in-law was properly admitted by the Trial Justice. This evidence tended

to establish the defendant's motive and intent in beating the victim to death and the Trial Justice properly instructed the jury with respect to the limited purpose for which it was admitted *(see, People v Band,* 125 AD2d 683; *People v Norman,* 118 AD2d 597; *see also, People v Castrechino,* 134 AD2d 877; *People v Roides,* 124 AD2d 967).

There was nothing particularly uncommon or unique about the scene of the crime and it was reasonable for the Trial Justice to conclude that inspecting the location would be of questionable value in helping the jury decide any material issue of fact. Accordingly, the Trial Justice did not improvidently exercise his discretion in denying the defendant's request to permit the jury to view the scene of the crime *(see,* CPL 270.50 [1]; *People v Zocchi,* 133 AD2d 478; *People v Robinson,* 133 AD2d 473; *People v Hamilton,* 112 AD2d 951; *People v McCurdy,* 86 AD2d 493).

During cross-examination, the privilege against self-incrimination was invoked by two prosecution witnesses. The defendant asserts that, as a result, the testimony of each witness should have been stricken. However, no motion to strike the testimony was made at trial. Accordingly, the issue is not preserved for appellate review *(see,* CPL 470.05 [2]). In any event, in each instance the invocation of the privilege concerned a crime that the witness might have committed but for which she had not been convicted. The crimes did not pertain at all to the facts surrounding the crimes for which the defendant was charged. Therefore, these were collateral matters, and the refusal of each witness to testify with respect thereto was not a denial of the defendant's Sixth Amendment right to confront the witness *(see, People v De Leon,* 119 AD2d 830; *People v Fominas,* 111 AD2d 868).

We have reviewed the defendant's remaining contentions, including his claim that the sentence was excessive, and find them to be without merit. Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.