■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY PITTMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered June 16, 1987, convicting him of murder in the second degree, kidnapping in the first degree, and attempted murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress an in-court identification of the defendant by the complainant Zenee Emmanuel.

Ordered that the judgment is affirmed.

On July 28, 1985, in the early hours of the morning, the defendant Gregory Pittman and his codefendant George Ballard entered Zenee Emmanuel's apartment. In retaliation for a prior incident, the defendant and codefendant assaulted Robert McEachem, Ms. Emmanuel's boyfriend, and then bound and gagged both of them. The defendant and codefendant took their two captives to a car and drove to an abandoned school. At the school, the codefendant fatally shot Robert McEachem in the head and then attempted to shoot Ms. Emmanuel in the head but the gun did not discharge.

They then put Ms. Emmanuel back into the car and drove to an empty lot where the defendant repeatedly stabbed her in the chest and neck. The defendant and codefendant then drove away, leaving Ms. Emmanuel.

We agree with the hearing court that the in-court identification of the defendant by Ms. Emmanuel had a source independent of the suggestive photographic array (see, People v Ballott, 20 NY2d 600, 606-607). The evidence at the hearing demonstrated that Ms. Emmanuel had seen the defendant in the neighborhood on earlier occasions and spent approximately three hours with the defendant and codefendant, in various lighting conditions, on the night of the crime. The fact that Ms. Emmanuel neglected to tell the police that the defendant stuttered is only one factor to be considered in determining an independent source (see, Neil v Biggers, 409 US 188, 199-200) and we do not find this omission fatal to the identification. Weighing all the factors to determine the reliability of the identification (see, Manson v Brathwaite, 432 US 98, 114), we conclude that the findings of the hearing court are amply supported by the record and we decline to disturb its determination.

The defendant also contends that the People failed to establish beyond a reasonable doubt the defendant's identity as one of the perpetrators. Viewing the evidence in a light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). The People proved that Ms. Emmanuel had seen the defendant on several occasions and spent several hours with the defendant on the night of the crime.

The defendant's argument pertaining to the prosecutor's summation remark with regard to the defendant's witness, his sister Willie Ann Pittman, was not preserved for appellate review (see, People v Medina, 53 NY2d 951; People v Baldo, 107 AD2d 751).

In light of the severity of this senseless and calculated crime and the defendant's extensive criminal background, we find that the sentence imposed was neither harsh nor excessive (see, People v Suitte, 90 AD2d 80, 85).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be either unpreserved for appellate review or

without merit. Mangano, J. P., Thompson, Kunzeman and Rubin, JJ., concur.