■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON GOODMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered May 19, 1988, convicting him of robbery in the first degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contentions that the corporeal identification

procedure was unduly suggestive because 4 out of the 5 persons selected to stand in the lineup had darker skin than he did, is without merit. The evidence supports the hearing court's conclusion that the lineup procedure was not unduly suggestive, given the totality of the circumstances surrounding the lineup (see, People v Rodriguez, 64 NY2d 738; People v Norris, 122 AD2d 82). There is no requirement that a defendant in a lineup must be surrounded by individuals nearly identical in appearance (see, People v Dobbins, 155 AD2d 551; People v Mattocks, 133 AD2d 89). An examination of the lineup photographs indicates that all of the participants were similar in appearance to the defendant. Specifically, they all had similar haircuts, no facial hair, and comparatively similar skin color.

We find that the trial court did not improvidently exercise its discretion by limiting cross-examination of prosecution witnesses concerning the drug operation (see, People v Dickman, 42 NY2d 294; People v Sandoval, 34 NY2d 371). The defense counsel was still able to thoroughly cross-examine the prosecution's witnesses about their drug selling business and drug involvement. Objection to questions concerning the amount of money and the number of customers obtained through the drug operation were properly sustained since responses to these questions would have violated the witnesses' privilege against self-incrimination (see, Matter of Anonymous Attorneys, 41 NY2d 506).

The defendant's remaining contentions are unpreserved for appellate review and we decline to consider them in the exercise of our interest of justice jurisdiction (see, CPL 470.05 [2]; People v Balls, 69 NY2d 641; People v Vidal, 26 NY2d 249). Kooper, J. P., Eiber, Sullivan and Balletta, JJ., concur.