■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN DANCY, Appellant.—Judgment, Supreme Court, New York County (Stephen G. Crane, J., at Wade hearing; Robert J. Haft, J., at jury trial) rendered October 24, 1988, convicting defendant of robbery in the second degree and sentencing him to a term of imprisonment of 1½-to-4½ years, unanimously affirmed.

Defendant's claim that his guilt was not proven beyond a reasonable doubt is belied by the record. Evidence adduced at trial was that the complainant was attacked by a group of

young men that surrounded him on a Manhattan street and took his gold jewelry. Defendant, who was part of the group, stood face-to-face with the complainant, grabbing at the gold chains the complainant wore around his neck. A companion of the complainant witnessed the attack and followed defendant, who was wearing a distinctive red and black plaid jacket, as he ran from the scene of the robbery. The companion caught up with defendant directly in front of a passing police car and reported the robbery to the officers in the patrol car. Defendant was handcuffed and placed in the patrol car after he struggled with the officers, and within minutes defendant was pointed out by complainant as one of the robbers. Defendant's own testimony confirmed his presence at the scene of the robbery, although he claimed that he was merely a bystander.

Viewing this evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932) the jury's determination of defendant's guilt beyond a reasonable doubt was amply supported by the evidence.

There is no evidence of an abuse of discretion by the hearing court in denying defendant's request to call the complainant at the *Wade* hearing, as defendant's offer of proof regarding the need to call that witness was purely speculative in nature *(see, e.g., People v Rodriguez,* 64 NY2d 738). In this connection, it is noted that, despite the hearing court's ruling that defendant could apply for reconsideration of the application should evidence at trial suggest the necessity, no further application in this regard was presented by defendant.

Likewise, there is no evidence of an abuse of discretion by the trial court in denying defendant's request for a missing witness charge regarding a companion of the complainant on the morning in question who was not on the street with complainant at the time of the robbery, although he was in the area. Defendant's offer of proof in this connection, made for the first time at the charge conference, failed to show that the uncalled witness was knowledgeable about a material issue in the case, that he would be expected to provide noncumulative testimony favorable to the People, or that such person (alleged to be out of the State at the time of trial) was available to testify *(see, People v Gonzalez,* 68 NY2d 424).

Nor is there any evidence that defendant's right to confrontation was unfairly undermined by the invocation by a People's witness of his Fifth Amendment right on cross-examination to refuse to answer three questions of defense counsel

regarding a pending criminal charge against that witness that defense counsel alleged arose three weeks after the instant incident. The record indicates clearly that defendant had full opportunity to cross-examine that witness regarding matters covered in direct testimony, and to properly explore collateral issues of credibility, within the context of the trial court's appropriate instruction to the jury regarding the witness' right to refuse to answer questions that might tend to incriminate him *(see, e.g., People v Chin,* 67 NY2d 22).

There is also no merit to defendant's claim that he was denied effective assistance of counsel because his attorney failed to call character witnesses at trial. Initially, there is no indication in the record that at the time of trial, defense counsel was made aware of the availability and willingness of any character witnesses to testify for defendant. However, the record does indicate that defendant's trial counsel duly filed appropriate pre-trial and trial motions and applications, applied for and received a *Wade* hearing, and in the face of overwhelming evidence of defendant's guilt, extensively cross-examined the People's witnesses and vigorously pursued a defense attempting to show that defendant, not unlike the complainant, was simply in the wrong place at the wrong time. In these circumstances, it cannot be said that trial counsel's conduct in any way fell below accepted standards of competence.

Finally, there is no merit to defendant's claim of prosecutorial misconduct in summation. Defense counsel's summation offered a view of defendant as an unemployed teenager leading a "miserable" life, generally characterized the witnesses' testimony as "stories", and attempted to characterize the People's major witnesses as indifferent to crime unless and until it affects them personally, and then as willing to "verify each other's story." In response, the prosecutor's summation urged the jury to concentrate on the issue of whether or not defendant was among the group that attacked the complainant and took his jewelry, and to avoid concentration on the "psychological drama" and personal lives of the witnesses presented during the defense summation.

Thereafter, the trial court sustained the one objection made by defense counsel to the prosecutor's summation comments, and rendered an immediate curative instruction.

No further objection was made to the prosecutor's summation (CPL 470.05), which in any event constituted fair comment on the evidence, presented within the broad bounds of rhetorical comment *(see, People v Galloway,* 54 NY2d 396) and

appropriate response to the defense summation *(see, e.g., People v Marks,* 6 NY2d 67, *cert denied* 362 US 912). Concur— Murphy, P. J., Milonas, Ellerin, Kassal and Smith, JJ.