■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered May 17, 1989, convicting him of murder in the second degree and criminal possession of a weapon in the

second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress in-court identification testimony.

Ordered that the judgment is affirmed.

Contrary to the contention of the defendant, the hearing court properly denied suppression of an in-court identification, since the witness's prior acquaintance with the defendant provided a sufficient independent basis for the in-court identification (see, People v Pittman, 159 AD2d 594; People v Kolomick, 132 AD2d 677; People v Levy, 123 AD2d 885; People v Griffin, 106 AD2d 402).

Viewing the evidence in the light most favorable to the prosecution (People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Kennedy, 47 NY2d 196). Moreover, upon the exercise of our factual review power we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant was not deprived of a fair trial by the trial court's exclusion of all witnesses, including his father, from the courtroom. At no time was the general public denied access to the courtroom (see, People v Felder, 39 AD2d 373, affd 32 NY2d 747; People v Smith, 111 AD2d 883).

Further, the admission of the decedent's dying declaration was proper. The dying declaration was properly linked to the defendant. Any deficiencies in the value of the dying declaration went to the weight rather than the admissibility of the statement (see, Richardson, Evidence § 307 [Prince 10th ed]; People v Liccione, 63 AD2d 305, affd 50 NY2d 850). Further, the trial court acted within its discretion in limiting the defense counsel's cross-examination of the People's witnesses regarding the victim's credibility (see, Richardson, Evidence §§ 317, 500 [Prince 10th ed]; Wharton, Criminal Evidence § 336 [14th ed]).

A prosecution witness's invocation of the Fifth Amendment did not deprive the defendant of a fair trial since this witness only invoked the Fifth Amendment with respect to collateral matters (see, People v Chin, 67 NY2d 22; People v Fominas, 111 AD2d 868; People v Jones, 99 AD2d 471).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80).

We have examined the defendant's remaining contentions

and find them to be without merit. Thompson, J. P., Kunzeman, Eiber and Miller, JJ., concur.