■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VALANCE COLE, Appellant. [601 NYS2d 352] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered August 7, 1987, convicting him of manslaughter in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated June 10, 1988, which directed that an evidentiary hearing be conducted with respect to the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, and (3) by permission, from an order of the same court dated November 28, 1988, which, after a hearing, denied the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and the orders are affirmed.

The defendant was convicted, *inter alia,* of manslaughter in the first degree in connection with the shooting death of Michael Jennings. The evidence presented at the trial established that on the afternoon of August 4, 1985, the defendant and the victim became involved in an argument over drugs while standing in front of a bar on Fulton Street in Brooklyn.

During the course of the argument, the defendant pulled out a gun and fired several shots, fatally wounding one victim, and injuring a second victim. Approximately six months after the incident, an eyewitness who was acquainted with the defendant informed the police that the defendant was the shooter. A second eyewitness then identified the defendant from a lineup, and both eyewitnesses testified that the defendant was the perpetrator at the trial.

Viewing the evidence adduced at the trial in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as the perpetrator. Although the defendant contends that the testimony of the two witnesses who identified him at the trial was inconsistent and unworthy of belief, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We reject the defendant's claim that he was denied his right to confront a witness against him when the trial court permitted a prosecution witness to invoke his Fifth Amendment right against self-incrimination in response to several questions. Although the witness initially invoked the privilege against self-incrimination when questioned about two criminal cases pending against him, he subsequently responded to questions concerning these cases. The jury was thus apprised of the existence of the pending cases and that one of the cases charged the witness with the commission of a robbery. Moreover, the defense counsel was also permitted to elicit testimony indicating that the robbery case was the subject of a cooperation agreement between the witness and the District Attorney, and to explore the details of that agreement. Under these circumstances, the defendant was not denied his right to confrontation (see, People v Chin, 67 NY2d 22; People v Goodman, 168 AD2d 569).

Equally unavailing is the defendant's claim that the prosecution violated the requirements of People v Rosario (9 NY2d 286, cert denied 386 US 866) by failing to provide him with notes taken by an Assistant District Attorney during an

interview with that witness. Although the witness testified that an Assistant District Attorney had taken notes during the interview, at the trial the prosecutor expressly represented that his colleague's notes did not contain any statements made by the witness. In the absence of any factual basis to support the defendant's claim that the Assistant District Attorney actually recorded the witness's statements, the prosecutor's representation sufficed to resolve the issue (see, People v Poole, 48 NY2d 144, 149; People v Minnerly, 162 AD2d 627; People v Ciola, 136 AD2d 557; cf., People v Shaw, 196 AD2d 558).

We further find that the Supreme Court properly denied the defendant's motion to vacate his conviction based upon his alleged failure to waive immunity when he testified before the Grand Jury. While CPL 190.45 (2) provides that a "waiver of immunity is not effective * * * until it is sworn to before the grand jury", the hearing record supports the Supreme Court's conclusion that the defendant was in fact under oath when he acknowledged that it was his signature which appeared on the written waiver introduced in evidence at the Grand Jury proceeding. The statutory requirement that a waiver of immunity must be sworn to before the Grand Jury was thus satisfied (see, People v Allen, 163 AD2d 396; People v Hodge, 141 AD2d 843; see also, People v Higley, 70 NY2d 624).

We have examined the defendant's remaining contentions and find that they are unpreserved for appellate review or without merit. Bracken, J. P., Lawrence, Eiber and O'Brien, JJ., concur.