■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANSON THOMAS, Appellant. [606 NYS2d 217] —Judgment, Supreme Court, Bronx County (Ira Globerman, J., at speedy trial motion; Frank Torres, J., at trial and sentence), rendered January 10, 1991, convicting defendant, after a jury trial, of reckless endangerment in the first degree and criminal possession of a weapon in the third degree and sentencing him, as a second felony offender, to two concurrent terms of from 3½ to 7 years, unanimously affirmed.

The trial court properly dismissed a sworn juror as unavail-

able when, after contacting the absent juror's companion at home, it learned that the juror had not returned home the previous evening and his whereabouts were unknown. When the court received no answer on its second call to the juror's home and was unable to locate him at a work number, the court properly found that it could not determine how long the juror would be absent and whether he would even return. In light of the court's inquiry and its consideration of the fact that no testimony had been given, that there had already been trial delays and the trial was due to last three weeks, and the availability of four alternate jurors, the court's dismissal and substitution of a sworn juror was proper *(People v Page,* 72 NY2d 69).

The trial court properly declined to give a missing witness charge where the People demonstrated that the three witnesses were not available *(People v Gonzalez,* 68 NY2d 424, 428).

Finally, defendant failed to preserve his CPL 30.30 speedy trial claim when he merely asserted that the People had not been ready for trial within six months and provided no factual support for his claim (CPL 470.05 [2]). Were we to reach this claim we would find that only 72 days are chargeable to the People, well within the 184 days within which they must bring defendant to trial. Concur—Carro, J. P., Ellerin, Kupferman and Ross, JJ.