■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SIMS, Appellant. [618 NYS2d 283] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), rendered December 17, 1990, convicting defendant, after a jury trial, of murder in the second degree and robbery in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of 15 years to life, 6 to 12 years and 4 to 8 years, respectively, unanimously modified, on the law, to adjudicate defendant a first felony offender and remand the matter for resentencing on the robbery counts, and otherwise affirmed.

Viewing the evidence in a light most favorable to the People, and giving due deference to the jury's findings of credibility (People v Bleakley, 69 NY2d 490, 495), defendant's shared intent with the stabber to commit the robbery that was the predicate for the felony murder conviction was proven beyond a reasonable doubt by legally sufficient evidence that defendant positioned himself so as to prevent the victim's escape and restrained the victim when the stabber grabbed for his money (see, Matter of Emerson D., 189 AD2d 712; People v Malave, 158 AD2d 435, lv denied 75 NY2d 967). Nor was it necessary for the People to prove that defendant knew that the stabber intended to stab the victim (see, People v Gladman, 41 NY2d 123, 125; People v Mitchell, 77 NY2d 624, 627).

Defendant's claim that the court's acting-in-concert instructions failed to convey the community-of-purpose requirement was not preserved for review by timely and appropriate objection (People v Capriles, 198 AD2d 57, lv denied 83 NY2d 870), and we decline to review the issue in the interest of justice.

While it was error to introduce evidence concerning a knife recovered from defendant when arrested that had no connection to the murder and did not tend to establish defendant's intention to commit a robbery, the error was harmless in view of defendant's videotaped statement admitted at trial in which he admitted possessing the knife and threatening to use it against the stabber, and in the absence of any suggestion at trial that the knife was the murder weapon.

Defendant's challenge to the court's failure to strike the testimony of a witness who invoked his privilege against self-incrimination is unpreserved for review as a matter of law. It was not until the day after the testimony was given that defendant objected, by which time it was no longer possible to address defendant's concerns short of striking the witness's testimony in its entirety, as defendant was requesting. In any

event, the limited extent to which the privilege was invoked did not prevent defendant from impeaching the witness in any material manner *(People v Chin,* 67 NY2d 22); information concerning pending charges had already been adduced *(People v Cole,* 196 AD2d 634; *People v Green,* 170 AD2d 1024); and the witness's direct testimony did not waive the privilege *(People v Bagby,* 65 NY2d 410).

The court's charge that defendant was an interested witness was appropriate in view of defense counsel's references during summation to defendant's videotaped statement as reliable "testimony".

Defendant was improperly adjudicated a second felony offender since the elements of his predicate California conviction, which do not contain any requirement of value or nature of the property, are equivalent only to the New York misdemeanor of criminal possession of stolen property in the fifth degree (Penal Law § 165.40; *see, People v Rodgers,* 128 AD2d 418; *People v Simmons,* 143 AD2d 153). Only the elements, rather than the factual allegations in an accusatory instrument, are compared for purposes of sentence enhancement *(People v Muniz,* 74 NY2d 464, 467-468; *People v Gonzalez,* 61 NY2d 586, 589). Accordingly, we modify this aspect of the judgment and remand for resentencing. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Tom, JJ.