■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS STUKES, Appellant. [621 NYS2d 79] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered January 28, 1992, convicting defendant, after a jury trial, of two counts of robbery in the first degree, two counts of robbery in the second degree, attempted robbery in the first degree, attempted coercion in the first degree, two counts of criminal possession of stolen property in the fourth degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to two prison terms of 7½ to 15 years, three terms of 5 to 10 years, three terms of 2 to 4 years, and one term of 1 year, respectively, all sentences to run concurrently, unanimously affirmed.

Defendant failed to preserve his CPL 30.30 speedy trial claim by merely asserting that the People had not been ready for trial within six months, without any factual support for his claim (CPL 470.05 [2]; *see, People v Thomas,* 200 AD2d 419). Were we to reach this claim in the interest of justice, we would find that the includable time does not exceed the 150 days which the court charged to the People.

Defendant's argument that the court erred in denying his *Batson* objection to the prosecutor's peremptory challenge to a black male prospective juror is unpreserved since defendant made only a race-based *Batson* objection and never argued that the prosecutor improperly considered gender in exercising his peremptory challenge. We see no reason to reach this claim in the interest of justice because the defendant was admittedly seeking to purge women from the jury. Thirteen of defendant's fourteen peremptory challenges were directed at women.

We have considered defendant's remaining contention and find it without merit. Concur—Sullivan, J. P., Wallach, Kupferman and Ross, JJ.