■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS IRIZARRY, Appellant. [625 NYS2d 92] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered December 19, 1991, convicting him of assault in the second degree (two counts) and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the afternoon of September 28, 1990, the defendant attacked two men who had been involved in an altercation with his son earlier that day, stabbing each victim several times. On appeal, the defendant contends that he was deprived of a fair trial because the complaining witnesses were improperly permitted to invoke the privilege against self-incrimination in response to several questions concerning whether they had previously pleaded guilty to crimes. However, since the defendant never objected to the complainants' assertion of their Fifth Amendment rights, his present contention is unpreserved for appellate review *(see, People v Sims,* 209 AD2d 192; *People v Murphy,* 176 AD2d 899). In any event, the defendant was permitted to establish that both complainants had prior criminal convictions, and the disposition of the cases about which they refused to answer questions had no direct bearing upon the present case. Accordingly, the limited extent to which the complainants were allowed to invoke the privilege against self-incrimination did not unfairly undermine the defendant's right to confrontation *(see, People v Chin,* 67 NY2d 22; *People v Sims, supra; People v Cole,* 196 AD2d 634; *People v Dancy,* 176 AD2d 597).

We find that the trial court did not improvidently exercise its discretion by determining that the Spanish interpreter was

competent *(see, People v Rivera,* 199 AD2d 288; *see also, People v Rolston,* 109 AD2d 854).

We have examined the defendant's remaining contentions and find that they are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Miller, J. P., O'Brien, Krausman and Florio, JJ., concur.