■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM PERRY, Appellant. [630 NYS2d 795] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered June 16, 1993, convicting him of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During cross-examination, the complaining witness invoked the Fifth Amendment privilege against self-incrimination. The defendant asserts that, as a result, he was deprived of his Sixth Amendment right to confrontation and the witness's testimony should have been stricken and a mistrial declared. However, since no motion to strike the testimony was made at trial, that issue is unpreserved for appellate review *(see,* CPL 470.05 [2]; *see also, People v Kaufman,* 156 AD2d 718). The defendant's motion for a mistrial on this ground was properly denied. The witness's invocation of the privilege concerned a crime for which he had been charged but not yet convicted. The crime did not pertain to the facts surrounding the crimes of which the defendant was charged. Therefore, these were collateral matters, and the refusal of the witness to testify with respect thereto was not a denial of the defendant's right to confront

the witness *(see, People v Chin,* 67 NY2d 22; *see also, People v Rodriguez,* 177 AD2d 664; *People v Kaufman, supra).* Although the inquiry as to whether the witness had been offered a plea bargain in connection with the charges pending against him could establish interest or bias *(see, People v Chin, supra),* the witness's refusal to answer that inquiry was harmless under the circumstances of this case. We note that the witness had testified previously on direct examination that no promises were made to him in exchange for his testimony in the defendant's case.

The court properly denied the defendant's request for a missing-witness charge with respect to an eyewitness to the crime. In a hearing on this issue, the People established that the witness was identified to the police as "Junior", that the police had no address or last name for the witness and that the police made reasonable efforts under the circumstances to locate him. The People therefore met their burden of establishing that the witness was unavailable *(see, People v Kitching,* 78 NY2d 532, 536-537; *People v Gonzalez,* 68 NY2d 424, 428; *People v Thomas,* 200 AD2d 419; *People v Morgan,* 177 AD2d 655).

The remarks by the prosecutor in summation were fair comment on the evidence and constituted legitimate responses to the defense counsel's summation *(see, People v Galloway,* 54 NY2d 396; *see also, People v Ashwal,* 39 NY2d 105). Sullivan, J. P. O'Brien, Altman and Goldstein, JJ., concur.