■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HERMAN JOHNSON, Respondent. [632 NYS2d 547] —Order, Supreme Court, Bronx County (Dominic Massaro, J.), entered July 28, 1994, which granted defendant's motion pursuant to CPL 330.30 to set aside the jury verdict convicting defendant of murder in the second degree (Penal Law § 125.25 [2]), reversed, on the law and the facts, the jury verdict reinstated and the matter remanded for sentencing.

Pursuant to CPL 330.30 (1), applicable here, the trial court may set aside or modify a guilty verdict before sentence, only upon a ground " 'appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would *require* a *reversal or modification* of the judgment *as a matter of law* by an appellate court' " (*People v Carter*, 63 NY2d 530, 536 [emphasis in original]). The power granted to a trial court by CPL 330.30 (1) is limited to a determination that the trial evidence was not legally sufficient to establish the defendant's guilt of the offense of which he was convicted (*supra*). The trial court is powerless to set aside a verdict on the ground that it is against the weight of the evidence (*People v Goodfriend*, 64 NY2d 695, 697). In this case the trial court first determined that the statements made by the deceased, in which he identified the defendant by name and gave the general location of defendant's residence, in response to the question "who did this to you?", were admissible, as a matter of law, as both a dying declaration and an excited utterance. Any deficiencies in the value of such a statement go to the weight accorded to the declaration rather than its admissibility (*People v Rodriguez*, 177 AD2d 664, 665, *lv denied* 79 NY2d 1006). Therefore, the trial court's postverdict evaluation of the statement's worth, in which it concluded that the statement was ambiguous and that there was a lack of corroborative evidence to support the jury's finding of guilt, was an improper evaluation of the weight of the evidence, outside the jurisdiction of the court in the procedural context of a CPL 330.30 motion. In addition, the trial court inexplicably included a discussion of conspiracy, a substantive offense not charged in the indictment, in its analysis.

Viewing the evidence in the light most favorable to the prosecution as the trial court was required to do initially (*People v Montanez*, 41 NY2d 53, 57), we find that the evidence in this case was sufficient to support the jury's finding of guilt. Review

of the trial court's determination of the statement's admissibility, as well as any review of the weight of the evidence, must await the direct appeal of the judgment of conviction (*People v Bleakley*, 69 NY2d 490, 495). Concur—Sullivan, J. P., Ellerin, Ross and Tom, JJ.

Kupferman, J., dissents in a memorandum as follows: I would affirm.

The decedent was shot three times and stabbed three times and run over with a car. The defendant was acquitted of intentional murder but was found guilty of reckless murder.

The reckless murder provision reads as follows:

"A person is guilty of murder in the second degree when * * *

"2. Under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person" (Penal Law § 125.25 [2]).

The predicate for this crime is recklessness (*see, People v Fenner*, 61 NY2d 971, 973). There was no proof of reckless conduct, although it might have been intentional. Accordingly, as a matter of law, the trial court was correct in setting aside the verdict (*see, People v Carter*, 63 NY2d 530, 536).

The reference to conspiracy in the trial court's decision was part of an analysis which endeavored to find a basis for concluding that the jury verdict was correct. [*See,* 163 Misc 2d 256.]