■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH OWUSU, Appellant. [652 NYS2d 914] —Judgment unanimously affirmed. Memorandum: Defendant contends that reversal is mandated because Supreme Court failed to strike the testimony of a witness after he invoked his Fifth Amendment privilege against self-incrimination. Because defendant neither objected to nor moved to strike that testimony, his contention has not been preserved for our review (*see*, CPL 470.05 [2]; *People v Kaufman*, 156 AD2d 718, 719, *lv denied* 76 NY2d 737). In any event, striking that testimony was not warranted because the invocation of the Fifth Amendment privilege concerned crimes that did not pertain to the facts surrounding the crimes for which defendant was charged (*see, People v Kaufman, supra; People v Forminas*, 111 AD2d 868, 869).

Defendant further contends that the court erred in failing to suppress his statement to the police on the ground that it was involuntary because it was induced by police promises of favorable treatment. Because that contention was not raised at the suppression hearing, it has not been preserved for our review (*see, People v Smith*, 55 NY2d 888, 890; *People v Ruggles*, 159 AD2d 969, *lv denied* 77 NY2d 1000) and, in any event, it lacks merit (*see, People v Richardson*, 202 AD2d 958, 959, *lv denied* 83 NY2d 914; *People v Sumeriski*, 119 AD2d 999). Defendant also contends that his statement should have been suppressed because it was the result of an improper warrantless arrest. The suppression court refused to suppress the statement on that ground, and there is no basis to disturb that determination, which is fully supported by the record (*see generally, People v Jackson*, 101 AD2d 955, 956).

We likewise reject defendant's contention that the court erred in admitting the hearsay statements of alleged coconspirators. It is well established that a declaration by a coconspirator during the course and in furtherance of the conspiracy is admissible against another coconspirator (*see, People v Tran*, 80 NY2d 170, 179, *rearg denied* 81 NY2d 784). That evidence may be admitted, however, only where the People establish a prima facie case of conspiracy without recourse to the declaration sought to be introduced (*see, People v Salko*, 47 NY2d 230, 237-238, *rearg denied* 47 NY2d 1010). Here, a prima

facie case of a conspiracy to sell heroin to undercover officers was established through defendant's admissions and the testimony of the undercover officers and the coconspirators (*see, People v Comfort*, 151 AD2d 1019, 1020, *lv denied* 74 NY2d 807; *see also, People v Warren*, 156 AD2d 972, *lv denied* 75 NY2d 925).

We also reject defendant's contention that prosecutorial misconduct on summation warrants reversal. The comments by the prosecutor were a fair response to comments by defense counsel on summation attacking the credibility of the prosecution witnesses and implying that they had fabricated evidence (*see, People v Smart*, 224 AD2d 999; *People v Crawford*, 130 AD2d 678) and did not deprive defendant of a fair trial (*see, People v Roopchand*, 107 AD2d 35, 36, *affd* 65 NY2d 837; *People v Rubin*, 101 AD2d 71, 77). Defendant further contends that he was not provided effective assistance of counsel. Upon our review of the evidence, the law and the circumstances of this case, we conclude that the representation received by defendant was meaningful (*see, People v Rivera*, 71 NY2d 705, 708-709; *People v Baldi*, 54 NY2d 137, 146-147).

We have reviewed the remaining contentions raised by defense counsel and by defendant in his *pro se* supplemental brief and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Denman, P. J., Lawton, Fallon and Balio, JJ.