■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEANDER BROCK, Appellant. [656 NYS2d 63] —Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Thorp, J.), rendered February 18, 1994, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Since the defendant did not timely object to the complainant's assertion of her Fifth Amendment rights, his present contention is unpreserved for appellate review (*see,* CPL 470.05 [2]; *see also, People v Perry,* 218 AD2d 818; *People v Irizarry,* 214 AD2d 622; *People v Sims,* 209 AD2d 192; *People v Kaufman,* 156 AD2d 718). In any event, the defendant was permitted to establish that the complainant had prior criminal convictions. Further, the disposition of the cases about which she refused to answer questions had no direct bearing on the facts surrounding the crime with which the defendant was charged. These were, therefore, collateral matters, and the refusal of the witness to testify with respect thereto was not a denial of the defendant's right to confront the witness (*see, People v Chin,* 67 NY2d 22; *People v Perry, supra; People v Rodriguez,* 177 AD2d 664; *People v Kaufman, supra*). The limited extent to which the complainant was allowed to invoke the privilege against self-incrimination did not unfairly undermine the defendant's right to confrontation (*see, People v Chin, supra; People v Irizarry, supra; People v Sims, supra; People v Cole,* 196 AD2d 634; *People v Dancy,* 176 AD2d 597).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is meritless. Sullivan, J. P., Pizzuto, Santucci and Joy, JJ., concur.