■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ENGLISH, Appellant. [716 NYS2d 225] —Judgment unanimously affirmed. Memorandum: Defendant contends that Supreme Court erred in denying his motion for a mistrial based on the prosecutor's failure to disclose a portion of a surveillance videotape (*see,* CPL 240.20 [1] [g]). We disagree. The court's curative instruction to the jury eliminated any prejudice to defendant (*see, People v Van Vleet,* 256 AD2d 1181, 1182; *see also, People v Kelly,* 62 NY2d 516, 520-521). Defendant further contends that he was denied a fair trial when the court allowed a witness to invoke the Fifth Amendment privilege against self-incrimination. Even assuming, arguendo, that

the court erred in allowing the witness to invoke the privilege against self-incrimination, we conclude that any error is harmless. In the one instance in which the privilege was invoked, the matter related only to the witness's credibility and not to the facts surrounding the crimes with which defendant was charged (*see generally*, *People v Owusu*, 234 AD2d 893, *lv denied* 89 NY2d 1039). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Robbery, 1st Degree.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Balio, JJ.