**Robert L. SIMS, Petitioner–Appellant,**

v.

**James STINSON, Respondent–Appellee.**

**Docket No. 00–2479.**

United States Court of Appeals, Second Circuit.

March 28, 2001.

Roger L. Stavis, Stavis & Kornfeld, LLP; Frederick E. Schmidt, of counsel, New York, NY, for petitioner-appellant.

Alan Gadlin, Assistant District Attorney; Morrie I. Kleinbart, of counsel, on behalf of Robert M. Morgenthau, District Attorney for New York County, New York, NY, for respondent-appellee.

Present WINTER, STRAUB and POOLER, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Petitioner Robert L. Sims appeals from a judgment of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*) denying his application for a writ of habeas corpus, made pursuant to 28 U.S.C. § 2254. 101 F.Supp.2d 187 (S.D.N.Y.2000). The District Court, after an extensive analysis, concluded that although the admission of evidence of a knife that Sims carried on his person, but never used or brandished during the robbery and murder for which he was convicted, was erroneous, it "was not so serious an error that the only reasonable conclusion is that it deprived petitioner of a fundamentally fair trial." 101 F.Supp.2d at 203. We affirm but conduct a slightly different analysis than that performed by the District Court.

Because the District Court gave a detailed recitation of the facts, *see* 101 F.Supp.2d at 189–191, we presume familiarity with that opinion and refer only to those facts necessary to our disposition. Sims was convicted on October 12, 1990 after a jury trial of Murder in the Second Degree (N.Y. Penal Law § 125.25[3]), Robbery in the First Degree (N.Y. Penal Law § 160.15[3]), and Robbery in the Second Degree (N.Y. Penal Law § 160.10[1]). In his appeal to the Appellate Division, First Department, Sims claimed, *inter alia*, that he was deprived of his due process rights to a fair trial as guaranteed under the Fourteenth Amendment by the admission into evidence of a folding knife found on him but not used or brandished against the victim. The Appellate Division rejected his claim, holding

> while it was error to introduce evidence concerning a knife recovered from defendant when arrested that had no connection to the murder and did not tend to establish defendant's intention to commit a robbery, the error was harmless in view of defendant's videotaped statement admitted at trial in which he admitted possessing the knife and threatening to use it against the stabber, and in absence of any suggestion at trial that the knife was the murder weapon.

*People v. Sims*, 209 A.D.2d 192, 618 N.Y.S.2d 283 (1st Dep't 1994). Sims applied for leave to appeal to the New York Court of Appeals, but he raised solely the admission of the knife evidence. Leave to appeal was denied by Judge Bundy of the Court of Appeals. Sims then applied *pro se* for a writ of habeas corpus in the District Court. The District Court initially noted that all of his claims, with the exception of his claim regarding the improper admission of the knife evidence, were procedurally barred by his failure to pursue them on direct appeal to the Court of Appeals. 101 F.Supp.2d at 191–92. Sims concedes on appeal that the knife claim is the sole issue presented for our review. We review *de novo* the District Court's decision to deny habeas corpus relief. *Lurie v. Wittner*, 228 F.3d 113, 121 (2d Cir. 2000), *cert. denied*, —— U.S. ——, 121 S.Ct. 140, 149 L.Ed.2d 3474 (2001).

■ As a threshold matter, we must determine whether the deferential standard of review of the merits dictated by the Antiterrorism and Effective Death Penalty Act ("AEDPA") or whether the standard of review required under pre-AEDPA law applies. Although petitioner timely filed his application after the effective date of AEDPA, we find that we must review his claim under pre-AEDPA standards as indicated by our recent opinion in *Washington v. Schriver*. *Washington v. Schriver*, No. 00–2195, (2d Cir. Feb. 14, 2001). In *Washington*, we held that because the state courts made no reference to federal law nor relied upon precedents which in turn cited or applied federal law, the petitioner's federal constitutional due process claim was not "adjudicated on the merits" for purposes of AEDPA's deferential review. *Id.* at *7. Therefore, we analyzed the merits of the petitioner's claim under pre-AEDPA law. *Id.* at *8.

The District Court noted that "[b]y framing the issue in terms of harmless error, the Appellate Division's decision gave explicit attention only to the state law aspect of petitioner's claim and did not specifically address its constitutional dimension." 101 F.Supp.2d at 192. Without the benefit of our decision in *Washington*, which was decided after the decision below, the District Court proceeded to analyze Sims's claim under AEDPA and to determine whether the Appellate Division's decision involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Unlike the underlying decision in *Jones v. Stinson*, 229 F.3d 112, 117–18 (2d Cir.2000), in which the Appellate Division alluded to waiver under state law but also concluded that the trial court's rulings did not deny the defendant a fair trial, the Appellate Division here did not refer to federal law at all, nor to any constitutional right of Sims. We find that the Appellate Division did not decide Sims's due process claim and thus *Washington* controls. Accordingly, we apply the pre-AEDPA standard of review.

Prior to the AEDPA, pure questions of law and mixed questions of law and fact were reviewed *de novo*. *Washington*, 2001 WL 125332, at *8. Factual findings and the inferences drawn from them, even when made by the state appellate courts, were "presumed ... correct." *Id.* at *8. Ordinarily, an erroneous application of state evidentiary rules, by itself, does not merit habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). To prevail on his due process claim, Sims must show that an evidentiary error "was so pervasive as to have denied him a fundamentally fair trial." *Collins v. Scully*, 755 F.2d 16, 18 (2d Cir.1985). If we conclude that evidence was erroneously admitted, we must then discern "whether the erroneously admitted evidence, viewed objectively in light of the entire record before the jury, was sufficiently material to provide the basis for conviction or remove a reasonable doubt that would have existed on the record without it." *Collins*, 755 F.2d at 19.

■ Both the Appellate Division and the District Court concluded that the admission of the knife found on Sims, but not used during the commission of the crime charged, was error but for different reasons. We need not decide whether the knife evidence was probative on the issue of intent, irrelevant, or offered as impermissible propensity evidence, for its admission, even if erroneous, was harmless.

Although we analyze the record under pre-AEDPA standards and recognize, as the District Court did, that the other evidence was not overwhelming, we uphold the District Court's ultimate conclusion that this "is not a case in which character

evidence provided the only substantial basis for inferring criminal intent or the only basis for deciding between two equally likely perpetrators, nor is it one in which highly inflammatory material likely poisoned the jury's deliberation with malevolence or revulsion towards petitioner or overcame the presumption of innocence." 101 F.Supp.2d at 203. As the District Court carefully documented, the prosecution offered several specific grounds for inferring the requisite intent: (1) that the victim's brother-in-law's testimony corroborated both the testimony of Hunter, whose credibility was questioned, and of Sims himself that Sims grabbed the victim's hand while the stabber stole the money; (2) that Sims continued to restrain the victim after the stabber obtained the money; (3) that after the stabber stole the money, Sims told Hunter to "stay out of it;" (4) that when the stabber told Sims to move, Sims moved, which provided the stabber the opportunity to stab the victim; and (5) that Hunter testified that after the stabbing, Sims shouted at the victim's brother-in-law "Get the fuck out of here before we fuck you up too." 101 F.Supp.2d at 200–02. It was also clear from the evidence that the folding knife Sims possessed was not the knife involved in the stabbing and that another individual stabbed the victim. Examining the record as a whole, we cannot say that the admission of the knife evidence, even if erroneous, "was so pervasive as to have denied [Sims] a fundamentally fair trial."

## Conclusion

For the reasons set forth above, we AFFIRM the judgment of the District Court.