■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER T. FAETH, Appellant. [748 NYS2d 301] —Appeal from a judgment of Wayne County Court (Sirkin, J.), entered April 13, 2000, convicting defendant after a jury trial of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him after a jury trial of murder in the second degree (Penal Law

§ 125.25 [2]) and robbery in the first degree (§ 160.15 [1]), defendant contends that he was denied a fair trial by prosecutorial misconduct. Contrary to the contention of defendant, the prosecutor did not fail to provide him with *Brady* material. "[E]vidence is not deemed to be *Brady* material when the defendant has knowledge of it or is in possession of it" and here defense counsel had knowledge of the statements at issue (*People v Ahmed*, 244 AD2d 415, 415, *lv denied* 91 NY2d 888). In any event, those statements concerned an unrelated incident and were not exculpatory (*see generally People v Fein*, 18 NY2d 162, 169-170, *mot to amend remittitur granted* 18 NY2d 722, 19 NY2d 691, *appeal dismissed and cert denied* 385 US 649, *reh denied* 386 US 978; *People v Murray*, 140 AD2d 949, 950, *lv denied* 72 NY2d 960). Defendant failed to preserve for our review his remaining contentions concerning prosecutorial misconduct (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]).

Defendant also failed to preserve for our review his contention that County Court erred in failing to strike the direct testimony of a prosecution witness who was improperly permitted to invoke his Fifth Amendment privilege against self-incrimination during cross-examination concerning an unrelated robbery (*see People v Owusu*, 234 AD2d 893, 893, *lv denied* 89 NY2d 1039). In any event, although the invocation of the privilege was not proper because the witness had already pleaded guilty to the unrelated robbery and had served his sentence (*see generally People v Brady*, 97 NY2d 233, 235-236; *People v Betts*, 70 NY2d 289, 292), we conclude that any error in failing to strike the testimony of the witness is harmless. The court properly instructed the jury that the invocation of the privilege "related only to the witness's credibility and not to the facts surrounding the crimes with which defendant was charged" (*People v English*, 277 AD2d 1021, 1022, *lv denied* 96 NY2d 783; *see Owusu*, 234 AD2d at 893).

Contrary to defendant's further contention, the conviction is supported by legally sufficient evidence. There is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495). In addition, "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that" defendant received meaningful representa-

tion (*People v Baldi*, 54 NY2d 137, 147). The sentence is neither unduly harsh nor severe. We have reviewed the contentions of defendant in his pro se supplemental brief and conclude that they are without merit. Present—Pine, J.P., Hayes, Hurlbutt, Kehoe and Burns, JJ.