■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN WAYNE FOUNTAINE, III, Appellant. [778 NYS2d 249]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered January 8, 2003. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree and menacing in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Supreme Court (Kenneth R. Fisher, J.) properly denied defendant's motion to suppress identification testimony. Although the witness's identification of defendant from a photo array was improperly influenced by the presence of another person simultaneously viewing the array (*see People v Fernandez*, 82 AD2d 922, 923 [1981]), the People established an independent basis for the in-court identification of defendant by that witness. The witness was familiar with defendant, having seen him in the neighborhood on numerous prior occasions (*see People v Rodriguez*, 177 AD2d 664, 665 [1991], *lv denied* 79 NY2d 1006 [1992]; *People v Pittman*, 159 AD2d 594, 595 [1990], *lv denied* 76 NY2d 794 [1990]; *People v Kolomick*, 132 AD2d 677, 678 [1987], *lv denied* 70 NY2d 875 [1987]), and on the night of the robbery she observed him for several minutes from a short distance under good lighting conditions (*see People v Martin*, 305 AD2d 427, 427-428 [2003], *lv denied* 1 NY3d 576 [2003]). We reject the further contention of defendant that County Court (Patricia D. Marks, J.) illegally resentenced him to a term of 18 years after imposing a term of eight years. Upon recognizing that the sentencing minutes did not accurately reflect the sentence it intended to impose, the court properly exercised its inherent power to correct the error (*see People v Minaya*, 54 NY2d 360, 364-365 [1981], *cert denied* 455 US 1024 [1982]). The sentence is not unduly harsh or severe. Present— Pigott, Jr., P.J., Green, Scudder, Kehoe and Hayes, JJ.