■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD LINDSEY, Appellant. [901 NYS2d 869]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (McCarty, J.), rendered February 2, 2009, convicting him of burglary in the first degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's oral motion to reinspect the grand jury minutes and dismiss the indictment, since the motion was made in clear violation of CPL 210.45 (1) (*see People v Rodriguez*, 244 AD2d 364 [1997]; *People v Johnson*, 134 AD2d 284, 285 [1987]; 32A NY Jur 2d, Criminal Law: Procedure § 1574).

Since the defendant made only an oral motion to dismiss count two of the indictment at the opening of the trial without showing any "good cause" for the delay (CPL 255.20 [3]), his contention that the count is duplicitous is unpreserved for appellate review (*see People v Booker*, 63 AD3d 750, 751 [2009]), and we decline to reach it in the interest of justice.

The Supreme Court's ruling pursuant to *People v Sandoval* (34 NY2d 371 [1974]) was a provident exercise of discretion (*see People v Smith*, 138 AD2d 759 [1988]).

Contrary to the defendant's contention, he was not deprived of his right to confrontation (*see People v Salazar*, 1 AD3d 387 [2003]; *People v Brock*, 238 AD2d 347 [1997]).

The defendant's remaining contentions regarding the alleged prosecutorial misconduct on summation, the Supreme Court's failure to give an expanded identification charge, and his adjudication as a persistent violent felony offender are without merit. Prudenti, P.J., Skelos, Florio and Sgroi, JJ., concur.