■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ELDRIDGE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that as a result of improper questioning of him by the Trial Judge, he was denied his right to a fair trial. Following cross-examination by the prosecutor, the court asked defendant a series of five questions, the last of which inquired whether it was defendant's testimony "under oath, under penalty of perjury, which is a felony, that [the complainants] lied under oath". On numerous occasions, we have forcefully condemned prosecutorial cross-examination which compels a defendant to state that witnesses lied in their testimony (see, e.g., People v Davis, 112 AD2d 722, 724, lv denied 66 NY2d 918; People v Montgomery, 103 AD2d 622 [Per Curiam]). It may not be gainsaid that such an examination by the Trial Judge is patently improper, and we direct the Judge's attention to the myriad cases criticizing that type of questioning, as well as those recommending that a court exercise "with judicious restraint" its power to examine witnesses (see, People v Moulton, 43 NY2d 944, 945; People v De Jesus, 42 NY2d 519; People v Carter, 40 NY2d 933). No objection was made to the court's questions, however, and thus the error is not preserved for our review (see, CPL 470.05 [2]). On this record, it cannot be said that the error caused such prejudice to defendant as to deny him a fair trial (cf., People v Mott, 94 AD2d 415) and we decline to reverse the conviction in the interest of justice (see, CPL 470.15 [6] [a]).

We further find that the indictment was sufficiently specific in designating the time periods of the offenses alleged therein (see, People v Keindl, 68 NY2d 410, rearg denied 69 NY2d 823; People v Morris, 61 NY2d 290) and that the evidence of forcible compulsion was legally sufficient to support the con-

viction of rape in the first degree (Penal Law § 130.35 [1]; *see, People v McKinley,* 124 AD2d 752, *lv denied* 70 NY2d 958; *People v Bermudez,* 109 AD2d 674, *appeal dismissed* 67 NY2d 758). We have reviewed defendant's remaining contention and find it to be without merit. (Appeal from judgment of Livingston County Court, Cicoria, J.—rape, first degree, and other charges.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.