■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN EDWARDS, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction of second degree murder, defendant contends that his postarrest statements were taken in violation of his right to counsel, that he was deprived of a fair trial by prosecutorial misconduct, that he did not have the effective assistance of counsel, that there was insufficient corroboration of the accomplice's testimony, and that the court's charge deprived him of a fair trial.

We need not review defendant's claim that his custodial statements were taken in violation of his right to counsel. Since the statements were not introduced by the People but rather by defendant himself, he has waived his right to counsel claim.

The prosecutor engaged in misconduct in repeatedly forcing defendant, on at least 10 occasions, to characterize five prosecution witnesses as liars. Although we condemn the practice, defendant did not object to the cross-examination, and we do not conclude that he was deprived of a fair trial (see, *People v Eldridge*, 151 AD2d 966, *lv denied* 74 NY2d 808; *People v Adams*, 148 AD2d 964, *lv denied* 74 NY2d 660; *People v Montgomery*, 103 AD2d 622; *People v Guidice*, 83 AD2d 756, 757). The remaining improprieties alleged by defendant are either unpreserved for our review, or if preserved, not so egregious or prejudicial that they require reversal.

Similarly, although trial counsel's performance was not free from error, defendant was not deprived of effective assistance. A few tactical errors do not equate with lack of meaningful representation. Defense counsel competently advanced a valid strategy of emphasizing the lack of direct evidence to implicate defendant in the murder and painting the accomplice as a criminal and a manipulative liar whose testimony was not to be believed.

The accomplice's testimony was amply corroborated by evidence that, just prior to the victim's departure from home and ultimate disappearance, he received a call from "Melvin"; by defendant's appropriation of the victim's car, clothing and

identification after October 2; by defendant's false statements that the victim had sold him his car and gone to New York City; by Bowx's testimony that he assisted defendant in burying the body; by defendant's admission to police that he buried the body, combined with his false assertion that he did so at the behest of "organized crime people"; by the medical testimony concerning the wounds on the victim's forehead; and by the test results indicating the presence of blood in the car.

The single, unpreserved error in the court's circumstantial evidence charge does not require reversal. Although the court erroneously instructed the jury that the predicate facts must be established to its "satisfaction", the balance of the charge properly informed the jury of the proper rules, i.e., that the hypothesis of guilt should flow naturally from the facts proved and be consistent with them all, and that the facts proved must be consistent with guilt and inconsistent with innocence and exclude to a moral certainty every hypothesis but guilt. We have examined defendant's remaining challenge to the court's charge and conclude that it is without merit. (Appeal from judgment of Supreme Court, Erie County, Flynn, J.—murder, second degree.) Present—Denman, J. P., Green, Balio, Lawton and Davis, JJ.