■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY WALLACE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the trial court erred in conducting a portion of his trial in his absence. Before the trial commenced, the court adequately advised defendant of his right to be present at trial and warned him that, if he did not appear at trial, the trial could commence in his absence (see, People v Parker, 57 NY2d 136). On October 2, 1989, defendant appeared for trial and preliminary matters were conducted. Prior to jury selection, defendant advised the court that he did not wish to remain and that he had to drive his girlfriend to Connecticut. The court advised defendant that, if he left, the trial would continue in his absence. At jury selection that afternoon, defendant did not appear. The next morning defense counsel advised the court that he was unable

to reach defendant, and requested a continuance. That motion was denied and the trial proceeded in defendant's absence.

Given the court's warnings and defendant's statements and actions, we find no error in the court's determination that defendant knowingly, voluntarily and intelligently waived his right to be present at a portion of the trial *(see, People v Parker, supra)*. Under these circumstances, we also find that it was not error for the trial court to fail to make further inquiry to determine whether defendant's absence was deliberate or to recite on the record the reasons for that determination *(cf., People v Brooks,* 75 NY2d 898, 899). Because defendant voluntarily absented himself from the proceeding to drive to Connecticut without any indication when he would return, the court did not abuse its discretion in denying defendant's motion for a continuance *(see, People v Quamina,* 161 AD2d 1110, 1111, *lv denied* 76 NY2d 943; *People v Smith,* 148 AD2d 1007, 1008, *lv denied* 74 NY2d 747).

Defendant further contends that prosecutorial improprieties denied him a fair trial. Although the prosecutor acted improperly in attempting to force defendant to testify that the prosecution witnesses were mistaken or lying *(see, People v Eldridge,* 151 AD2d 966, *lv denied* 74 NY2d 808; *People v Balkum,* 94 AD2d 933), that questioning did not deprive defendant of a fair trial because it was not extensive and defense counsel's objections were sustained *(see, People v Edwards,* 167 AD2d 864, *lv denied* 77 NY2d 877; *People v Eldridge, supra)*. The remaining improprieties alleged by defendant have not been preserved for our review (CPL 470.05 [2]), and we decline to reach them as a matter of discretion in the interest of justice (CPL 470.15 [6]). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Possession Weapon, 2nd Degree.) Present—Callahan, J. P., Green, Balio, Lawton and Fallon, JJ.