■ The People of the State of New York, Respondent, v Todd E. Holden, Appellant. [665 NYS2d 990] —Judgment unanimously affirmed. Memorandum: Defendant contends that he was denied a fair trial by prosecutorial misconduct during cross-examination of defendant and in summation. Because defense counsel failed to object to any of the alleged misconduct, that contention has not been preserved for our review (*see,* CPL 470.05 [2]; *People v Dawson*, 50 NY2d 311, 324; *People v Broadus*, 129 AD2d 997, *lv denied* 70 NY2d 643), and we decline to consider it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). In any event, although we do not condone the prosecutor's conduct in repeatedly forcing defendant on cross-examination to characterize three prosecution witnesses as liars, that conduct did not deprive defendant of a fair trial (*see, People v Edwards*, 167 AD2d 864, *lv denied* 77 NY2d 877; *People v Eldridge,* 151 AD2d 966, *lv denied* 74 NY2d 808). Moreover, the single inflammatory statement in the prosecutor's summation to which defendant objects did not deprive defendant of a fair trial (*see, People v Paige*, 241 AD2d 918; *People v Bogue*, 234 AD2d 946; *People v Scott*, 181 AD2d 995, *lv denied* 80 NY2d 837).

We reject defendant's contention that County Court erred in

permitting the People to seek restitution in an amount greater than that requested at sentencing. The victim impact statement indicated that the People might seek restitution in excess of their initial request, and defense counsel had an opportunity to litigate the additional amount at the restitution hearing. Furthermore, the information concerning the full extent of damages was not available for presentation to the court at sentencing. Under those circumstances, the court properly considered all actual out-of-pocket losses to the victims in setting the amount of restitution (*see,* Penal Law § 60.27 [2]).

We likewise reject the contention of defendant that the court erred in failing to conduct a hearing to determine his financial ability to pay restitution in the amount of $18,208.06 within one year of his release on parole. If defendant is unable to pay the restitution within that time, he may seek resentencing (*see,* CPL 420.10 [5]; *People v Foster,* 216 AD2d 115, *lv denied* 86 NY2d 794). (Appeal from Judgment of Ontario County Court, Harvey, J.—Assault, 2nd Degree.) Present—Green, J. P., Lawton, Wisner, Balio and Boehm, JJ.