■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON J. OLSOWSKE, Appellant. [668 NYS2d 518] —Judgment unanimously affirmed. Memorandum: Defendant contends that he was denied a fair trial by prosecutorial misconduct during cross-examination of defendant and in summation. Because defendant objected to only one of the alleged instances of misconduct, he failed to preserve for our review his contention with respect to the remaining alleged instances (*see,* CPL 470.05 [2]; *People v Holden,* 244 AD2d 961; *People v Jacobs,* 225 AD2d 1088, *lv denied* 88 NY2d 880). In any event, although the prosecutor should not have forced defendant on cross-examination to characterize the prosecution witnesses as incorrect or liars, defendant was not thereby deprived of a fair trial (*see, People v Edwards,* 167 AD2d 864, *lv denied* 77 NY2d 877; *People v Eldridge,* 151 AD2d 966, *lv denied* 74 NY2d 808). With respect to the alleged impropriety on summation to which defendant objected, the prosecutor's comment was a fair response to defense counsel's summation and "did not exceed the

broad bounds of rhetorical comment permissible in closing argument" (*People v Galloway*, 54 NY2d 396, 399; *see, People v Rivera*, 158 AD2d 344, *lv denied* 76 NY2d 741; *People v Pittman*, 158 AD2d 345, *lv denied* 75 NY2d 969).

We further conclude that County Court properly admitted, under the prompt outcry exception to the hearsay rule, the testimony of a prosecution witness that the seven-year-old victim complained of the sexual assault shortly after it occurred (*see, People v McDaniel*, 81 NY2d 10, 16-18; *People v Aybinder*, 215 AD2d 181, *lv denied* 86 NY2d 840; *People v Scott*, 124 AD2d 974, *lv denied* 69 NY2d 717). Even assuming, arguendo, that the court erred in admitting that testimony, any error is harmless (*see, People v Robinson*, 218 AD2d 673, 673-674, *affd* 88 NY2d 1001; *People v Roberts*, 197 AD2d 867, *lv denied* 82 NY2d 901).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Ontario County Court, Harvey, J.—Sodomy, 1st Degree.) Present—Denman, P. J., Lawton, Balio, Boehm and Fallon, JJ.