■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACKSON BURNETT, Appellant. [706 NYS2d 796] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), defendant contends that the prosecutor improperly forced defendant on cross-examination to characterize prosecution witnesses as liars. That contention is unpreserved for our review because defendant either failed to object to the questions (*see, People Olsowske*, 247 AD2d 856, *lv denied* 91 NY2d 1011; *People v Holden*, 244 AD2d 961, *lv denied* 91 NY2d 926), or failed to request curative instructions or a mistrial after an objection was sustained (*see, People v McCormick*, 100 AD2d 723; *see also, People v Albert*, 222 AD2d 1005, *lv denied* 88 NY2d 844, 979). In any event, defendant was not thereby deprived of a fair trial (*see, People v Holden, supra*).

The challenges of defendant to the testimony concerning his confession are without merit. The warrantless arrest of defendant in his home was not improper because defendant's wife gave the police her consent to enter the home (*see, Payton v New York*, 445 US 573; *People v Levan*, 62 NY2d 139, 144). Supreme Court properly denied defendant's motion to suppress identification evidence. Upon our review of the photo array, we conclude that "the individuals portrayed therein resemble each other sufficiently so that there was not a 'substantial likelihood that the defendant would be singled out for identification'" (*People v Beason*, 252 AD2d 975, *lv denied* 92 NY2d 980, quoting *People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833).

Defendant's contention that the court should have charged two lesser included offenses is unpreserved for our review (*see, People v Buckley*, 75 NY2d 843, 846; *see also, People v Sparman*, 193 AD2d 1076, 1077, *lv denied* 82 NY2d 727) and, in any event, is lacking in merit. The victim was shot with a rifle, was immediately rushed into surgery because of a substantial risk of death and lost part of his intestine. There is no reasonable view of the evidence from which a rational juror could find that the victim suffered physical injury but not serious physical injury (*see, People v McMillion*, 181 AD2d 997, 997-998, *lv*

*denied* 80 NY2d 835; *People v Higgins*, 124 AD2d 966, *lv denied* 69 NY2d 828).

The court did not err in denying defendant's motion for a mistrial. After one juror saw another juror being escorted out of the building by court security officers and reported her observation to other jurors, the court questioned and elicited the answers that the jurors' consideration of the case would not, be affected by the incident. The jurors were given further instructions, and they stated that they could follow them. Both the prosecutor and defense counsel declined the court's offer to allow them to ask further questions. Thereafter, defense counsel moved for a mistrial but did not articulate how defendant would be prejudiced. The court's denial of the motion was a proper exercise of discretion (*see, People v Meade,* 245 AD2d 104, 104-105, *lv denied* 91 NY2d 894). Defendant failed to preserve for our review his contention that the court erred in failing to strike the testimony of a witness who invoked the Fifth Amendment (*see, People v Owusu,* 234 AD2d 893, *lv denied* 89 NY2d 1039; *People v Kaufman,* 156 AD2d 718, 719, *lv denied* 76 NY2d 737). In any event, the invocation of the privilege with respect to one question did not deprive defendant of his right of confrontation because the question related to a collateral matter, i.e., credibility (*see, People v Chin,* 67 NY2d 22, 28-29; *see also, People v Kaufman, supra,* at 719).

The conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). The inconsistencies in the testimony of prosecution witnesses did not render that testimony incredible as a matter of law (*see, People v Bell,* 190 AD2d 1032, *lv denied* 81 NY2d 881). (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Assault, 1st Degree.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ.