■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY M. WRIGHT, Appellant. [834 NYS2d 908]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered July 9, 2004. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and burglary in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing those parts convicting defendant of two counts of burglary in the first degree and dismissing counts two and three of the indictment and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of burglary in the first degree (Penal Law § 140.30 [2], [3]) and one count of assault in the first degree (§ 120.10 [1]), defendant contends that his conviction of the two counts of burglary in the first degree is not supported by legally sufficient evidence. We agree, and therefore modify the judgment accordingly.

The People proceeded to trial under the theory that defendant remained unlawfully in the dwelling with the intent to commit a crime therein. As the Court of Appeals observed in *People v Gaines* (74 NY2d 358 [1989]), "[t]he word 'remain' in the phrase 'enter or remain' is designed to be applicable to cases in which a person enters with 'license or privilege' but remains on the premises after termination of such license or privilege" (*id.* at 362 [internal quotation marks omitted]; *see People v Licata*, 28 NY2d 113, 117 [1971]). The evidence failed to establish that defendant's license or privilege to be in the dwelling terminated, and therefore is legally insufficient to establish that defendant unlawfully remained therein (*see People v Bowen*, 17 AD3d 1054, 1055 [2005], *lv denied* 5 NY3d 759 [2005]; *People v Konikov*, 160 AD2d 146, 152-153 [1990], *lv denied* 76 NY2d 941 [1990]).

Defendant failed to move to strike the testimony of the victim or to take exception to Supreme Court's ruling allowing the victim to invoke his Fifth Amendment right against self-incrimination when questioned about his drug use on cross-examination, and thus defendant failed to preserve for our review his contention that he was deprived of his right of confrontation by the court's failure to strike the victim's testimony (*see People v Burnett*, 270 AD2d 901, 902 [2000], *lv denied* 95 NY2d 851 [2000]; *People v Owusu*, 234 AD2d 893 [1996], *lv denied* 89 NY2d 1039 [1997]). In any event, "the invocation of the privilege with respect to one question did not deprive defendant of his right of confrontation because the question related to a collateral matter, i.e., credibility" (*Burnett*, 270 AD2d at 902). Defendant also failed to preserve for our review

his contention that the People improperly elicited testimony concerning his uncharged criminal activity without first requesting a hearing as to its admissibility (*see People v Powell*, 303 AD2d 978 [2003], *lv denied* 100 NY2d 565, 1 NY3d 541 [2003]; *People v Trembling*, 298 AD2d 890, 891-892 [2002], *lv denied* 99 NY2d 540 [2002]). In any event, the "testimony was relevant to defendant's motive and . . . its prejudicial effect did not outweigh its probative value" (*People v Orbaker*, 302 AD2d 977, 977 [2003], *lv denied* 100 NY2d 541 [2003]). Furthermore, "the testimony was necessary to complete the narrative of the victim's account of the events underlying the crime" (*id.*).

The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Martoche, Smith, Peradotto and Pine, JJ.