# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1132**
**KA 07-01267**
PRESENT: FAHEY, J.P., CARNI, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

       V           MEMORANDUM AND ORDER

TOMMY L. WASHINGTON, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

  Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered May 2, 2005. The judgment convicted defendant, upon a jury verdict, of assault in the first degree, gang assault in the second degree and assault in the second degree.

  It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

  Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]), gang assault in the second degree (§ 120.06) and assault in the second degree (§ 120.05 [2]). Defendant contends that he was denied a fair trial based on the prosecutor's improper questions on cross-examination concerning whether the prosecution witnesses were lying or were liars. That contention is not preserved for our review inasmuch as defendant failed to object to those questions (*see* CPL 470.05 [2]), and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We note, however, that such questions were improper (*see People v Paul*, 229 AD2d 932; *People v Paul*, 212 AD2d 1020, 1021, *lv denied* 85 NY2d 912; *People v Edwards*, 167 AD2d 864, *lv denied* 77 NY2d 877). As this Court stated over 20 years ago, "[o]n numerous occasions, we have forcefully condemned prosecutorial cross-examination which compels a defendant to state that witnesses lied in their testimony" (*People v Eldridge*, 151 AD2d 966, 966, *lv denied* 74 NY2d 808). Unfortunately, we find it necessary once again to forcefully condemn such improper conduct by the prosecutor.

  Defendant's challenge to the legal sufficiency of the evidence is also unpreserved for our review because defendant made only a general motion for a trial order of dismissal that was not based on the grounds set forth on appeal (*see People v Gray*, 86 NY2d 10, 19; *People*

*v Clark*, 42 AD3d 957, 958, *lv denied* 9 NY3d 960).  In any event, that challenge is lacking in merit (*see generally People v Bleakley*, 69 NY2d 490, 495).  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  We reject defendant's further contention that he was denied effective assistance of counsel.  Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).  We have considered defendant's remaining contentions and conclude that they are lacking in merit.

Entered:  November 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court