People v Slaughter (2022 NY Slip Op 04478)

People v Slaughter

2022 NY Slip Op 04478

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND WINSLOW, JJ.

451 KA 21-00098

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JERRY SLAUGHTER, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered October 19, 2018. The judgment convicted defendant upon a jury verdict of sexual abuse in the first degree, sexual abuse in the second degree (three counts), forcible touching and endangering the welfare of a child (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, one count each of sexual abuse in the first degree (Penal Law § 130.65 [2]) and forcible touching
(§ 130.52 [1]), and three counts of sexual abuse in the second degree (§ 130.60 [2]). Defendant's conviction stems from his conduct toward two victims.
We reject defendant's contention that County Court erred in allowing expert testimony concerning child sexual abuse accommodation syndrome (CSAAS). Such testimony is admissible "for the purpose of explaining behavior that might be puzzling to a jury" (People v Spicola, 16 NY3d 441, 465 [2011], cert denied 565 US 942 [2011]; see People v Nicholson, 26 NY3d 813, 828 [2016]). The expert's testimony "educates the jury on a scientifically-recognized 'pattern of secrecy, helplessness, entrapment [and] accommodation' " experienced by child victims (Nicholson, 26 NY3d at 828). The testimony must be "general in nature and . . . not constitute an opinion that a particular alleged victim is credible or that the charged crimes in fact occurred" (People v Drake, 138 AD3d 1396, 1398 [4th Dept 2016], lv denied 28 NY3d 929 [2016]; see People v Diaz, 20 NY3d 569, 575-576 [2013]; People v Williams, 20 NY3d 579, 584 [2013]), and we conclude that the expert here testified within those parameters. Although the expert also testified briefly regarding the general behavior of perpetrators, the court ultimately sustained defense counsel's objection thereto and granted defendant's request for a limiting instruction (cf. People v Ruiz, 159 AD3d 1375, 1376-1377 [4th Dept 2018]). Defendant's contention that the court should have struck that testimony is not preserved for our review inasmuch as defendant never asked for that relief (see generally People v Wright, 38 AD3d 1232, 1233 [4th Dept 2007], lv denied 9 NY3d 853 [2007], reconsideration denied 9 NY3d 884 [2007]). Contrary to defendant's further contention, the record here does not support that CSAAS is no longer generally accepted in the scientific community (see People v Austen, 197 AD3d 861, 862 [4th Dept 2021], lv denied 37 NY3d 1095 [2021]).
Defendant contends that the counts involving the first victim should have been severed for trial from the counts involving the second victim to avoid the danger that the jury would convict him based on propensity evidence. We conclude that the court did not abuse its discretion in denying that part of defendant's motion seeking to sever the counts. Defendant correctly conceded that the counts are joinable because they "are defined by the same or similar [*2]statutory provisions and consequently are the same or similar in law" (CPL 200.20 [2] [c]), and we conclude that he failed to show good cause for a discretionary severance under CPL 200.20 (3) (see People v Keegan, 133 AD3d 1313, 1314 [4th Dept 2015], lv denied 27 NY3d 1152 [2016]; People v Rios, 107 AD3d 1379, 1380-1381 [4th Dept 2013], lv denied 22 NY3d 1158 [2014]; see generally People v Mahboubian, 74 NY2d 174, 183 [1989]). The counts "were not so numerous as to tempt the jury to view the evidence cumulatively and to convict defendant based on a perception that he was prone to commit the sort of offenses charged in the indictment" (People v Streitferdt, 169 AD2d 171, 176 [1st Dept 1991], lv denied 78 NY2d 1015 [1991]).
We reject defendant's contention that the verdict is against the weight of the evidence. " 'Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, we must give great deference to the jury, given its opportunity to view the witnesses and observe their demeanor' " (People v Barnes, 158 AD3d 1072, 1073 [4th Dept 2018], lv denied 31 NY3d 1011 [2018]). Contrary to defendant's contention, while there were some inconsistencies in the testimony of the victims, their testimony was not incredible as a matter of law (see People v O'Neill, 169 AD3d 1515, 1515-1516 [4th Dept 2019]; People v Johnson, 153 AD3d 1606, 1607 [4th Dept 2017], lv denied 30 NY3d 1020 [2017]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although a different verdict would not have been unreasonable, the jury did not fail to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they lack merit.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court